## ISON *vs.* MANLEY.

The question presented by this record being whether, under facts on which testimony was had on a trial before the corporation court of the city of Griffin (from whose judgment a *certiorari* was taken), a certain encroachment on a sidewalk was a nuisance, the judgment of the court below will not be reversed because he remanded the case for a new trial, instead of rendering a final judgment therein.

(*a.*) It is not decided whether any encroachment on a sidewalk, which narrows it, so as to give ingress and egress to a basement or cellar, is *per se* a nuisance which the corporation must abate, on complaint by any private person; or whether it is in the discretion of the city authorities, on the facts in each case, in respect to the guards for securing the public safety, and the nature and extent of the interruption to the public convenience, or of the hurt or damage to the party or parties aggrieved. The record does not make this question squarely, and it is not passed upon it; but, as at present advised, this court inclines to the opinion that the question of abatement must turn on the fact whether the encroachment is a nuisance.

Judgment affirmed.

Nov mber 6, 1883.

JACKSON, Chief Justice.

---

## NEAL *vs.* HENDERSON.

Where a person seeks to enjoin a judgment at law, the bill should set forth clearly and distinctly the grounds upon which the complainant's equity rests; and if it shows upon its face that the judgment at law was rendered by reason of his own negligence in not making the necessary defence, a court of equity will not grant relief by injunction. Code, §3129; 71 *Ga.*, 523.

(*a.*) Where, after the foreclosure of a mortgage, the defendant filed an affidavit of illegality to the execution thereon, upon the ground that it had been paid, and the issue formed by such affidavit was passed upon by a jury, who found in favor of the plaintiff in *fi. fa.*, upon a bill then filed to enjoin the execution, an injunction should have been refused.*

Judgment reversed.