## FRANCES E. KELLEHER v. WILLIAM BODEN.

*Equity—Relief against judgment at law.*

| 55 | 295 |
| 143 | 471 |
| 55 | 295 |
| 154 | 513 |

Equity will not relieve against the enforcement of a justice's judgment from which no appeal was taken, unless the defendant, without his own or his agent's negligence has been hindered by fraud or accident from availing himself of his defense.

Appeal from Wayne. (Jennison, J.) Oct. 21.—Nov. 19.

BILL to vacate judgment. Complainant appeals. Affirmed.

*Charles Flowers* for complainant.

*James H. McDonald* for defendant. The cases in which equity interferes with the collection of a judgment are very stringent: see *Ins. Co. v. Hodgson* 7 Cr. 336 ; · *Wixom v. Davis* Wal. Ch. 15 ; *Foster v. Wood* 6 Johns. Ch. 87 ; *Smith v. Lowry* 1 Johns. Ch. 320 ; *French v. Garner* 7 Port. (Ala.) 552 ; *Essex v. Berry* 2 Vt. 161 ; *Robb v. Halsey* 19 Miss. 140.

CHAMPLIN, J. In this case it appears that on July 3, 1883, a judgment was rendered by a justice of the peace at Detroit against complainant and in favor of defendant for $136.25 and $3.50 costs, on account of groceries and provisions supplied to complainant and family, who was then living with a former husband named James Minihan ; that this judgment was not appealed from; and that on the 16th, thirteen days later, a transcript was taken to the circuit court, and execution issued and a levy made upon two pieces of real estate in the city of Detroit.

This bill is filed to have this judgment and levy set aside, and to have a new trial in the suit, which resulted in the judgment by default. No question is made that the service, the return, judgment before the justice, and all the proceedings thereon, were strictly correct.

The only ground of complaint alleged in her bill is " that on the same day on which your oratrix was served with said process she was taken sick, and from that date until the present time she has been confined to her house and has been very ill, and between the day on which she was served with said process and the said 3d day of July, the date of the rendition of the said judgment, she was so ill as to be wholly unable either to attend the said suit or to employ any one to attend it for her, and wholly unable to transact any business of any kind whatever."

The bill was demurred to generally for want of equity, and

specially for not setting out more particularly the cause of complaint. Both were overruled, and defendant answered denying generally the complainant's allegation. The case was heard in open court on pleadings and proofs, and the bill dismissed.

The statements contained in complainant's bill of complaint show that she had a good defense at law, which, if interposed in time, would, if found true, have defeated a recovery. In such cases no relief is afforded in equity, unless the party was prevented from availing himself of such defense by fraud or accident, without negligence of himself or his agents. *Crim v. Handley* 94 U. S. 652; *Hendrickson v. Hinckley* 17 How. 443; *Miller v. Morse* 23 Mich. 365.

The bill charges no fraud and no fault of defendant which operated to prevent a defense.

We are satisfied from the testimony that the complainant's failure to put in a defense to the suit was the result of her own negligence, from which she is not entitled to be relieved by a court of equity. We think also that she has failed to show that the judgment is unconscionable or against right and justice.

The decree of the circuit court is affirmed with costs.

The other Justices concurred.