[Filed June 7, 1888.]

## PETER S. BRENNER, RESPONDENT, *v.* M. ALEXANDER, APPELLANT.

EXECUTOR AND ADMINISTRATOR.—At common law, a general judgment against an executor who did not plead *plene administravit* or *præter*, is conclusive evidence of assets in a second action of debt suggesting a *devestavit*, the only qualification being that a matter arising subsequent to the former action, showing a destruction of the assets or removal of them from the hand of the executor without fault, may be set up.

EQUITABLE RELIEF.—A party can come into a court of equity for relief after a judgment at law only when he has been deprived of a legal right by fraud, accident, or mistake, unmixed with negligence or fault on his part. An executor or administrator in founding a right to such relief must exhibit a case free from negligence or misconduct.

EXECUTOR, JUDGMENT AGAINST.—Where an executor or administrator, believing that he has assets sufficient to pay all debts, suffers judgment against himself, he will be relieved in equity; if the assets become insufficient through an unexpected depreciation of their value, the reason is that the defense arises subsequently to the judgment, and without fault of the administrator. But if an executor or administrator confesses judgment against himself for a debt of his testator or intestate, upon a miscalculation of assets in his hands, and it appears afterwards that the assets are insufficient to satisfy it, he will not be relieved in equity against the judgment.

*Hewitt & Bryant,* and *W. R. Bilyeu,* for Respondent.

*J. K. Weatherford,* for Appellant.

LORD, C. J. — This is a suit in equity to enjoin the defendant from issuing an execution upon a judgment recovered by him against the plaintiff.

The facts are briefly these: The plaintiff was the administrator of the estate of Henry Isley, deceased, and while such, the defendant presented a claim against said estate for the sum of $846.45, which was disallowed; that there came into his hands from all sources the sum of $1,456.98, and the same was the total assets of said estate; that there was presented, and by him examined and allowed, claims against the said estate amounting in the aggregate to the sum of $876.72, and that all of said claims have been paid in full of said assets; that the defendant brought an action against the plaintiff, as administrator aforesaid, to recover the amount of said claim disallowed, and in his complaint, among other things, alleged that the plaintiff had in his hands assets applicable to the payment of said claim, and sufficient to pay the same, but that he refused to apply the same thereon; that at the time the plaintiff filed his answer in said action, as such administrator, he had in his hands money over and above the payment of all claims against said estate, about the sum of $166.26; that belonging to said estate was a note appraised at $127.38, and real estate appraised at $700, making a total according to appraised value of $993.64, which the plaintiff then believed was reasonably worth that sum, and that he would realize that amount for it, and that the same would be sufficient to pay the defendant's claim in full; that at the time this plaintiff filed his answer to said complaint, his best knowledge and belief was that said allegation was true, and that he could not truthfully deny the same, and through mistake as to the true valuation of said property then in his hands, and relying upon the appraised valuation thereof, did not deny said allegation: that judgment was recovered against him on account of said claim against said estate for the sum of $652.62 and costs, taxed at $154.84, which said judgment was rendered against this

plaintiff personally, and not as such administrator, and the same was docketed; that plaintiff has paid said costs and $424 on the judgment, and that there now remains on such judgment the sum of $280 unpaid; that by order of the County Court, this plaintiff had sold said real estate as by law required, to the highest bidder, for the sum of $424, and that the same was approved and confirmed, and a deed executed therefor; that the necessary expenses of administration amounted to the sum of $200, no part of which has been paid; that the defendant now threatens to cause a writ of execution to be issued on said judgment against the real and personal property of the plaintiff, and will, unless restrained, levy upon the same, etc.; wherefore, he asks a decree perpetually enjoining the defendant from enforcing the same, etc.

The defendant appeared and demurred to the complaint, on the grounds that the court was without jurisdiction, and that the complaint did not state facts sufficient to constitute a cause of suit. The court overruled the demurrer, and judgment was rendered for the plaintiff, from which this appeal is brought. Section 1135, Oregon Code, provides that the effect of a judgment or decree against an executor or administrator on account of a claim against the estate of his testator is only to establish the claim, as if it had been allowed by him, so as to require it to be satisfied in the course of administration, unless it appears that the complaint alleged assets in his hands applicable to the satisfaction of such claim, and that such allegation was admitted, or found to be true, in which case the judgment or decree may be enforced against such executor or administrator.

The contention of the plaintiff admits the regularity and validity of the judgment obtained against him, and that by his admission of assets as alleged, his personal liability thereon; but he seeks to avoid the effect of such judgment, and to restrain its enforcement, on the ground that he was mistaken, or miscalculated as to the value or sufficiency of such assets to liquidate such claim. Nor is it disputed, if the plaintiff had chosen to deny the allegations intended to fix his personal liability, in the event the claim was established against the estate, unless upon the proof

submitted the jury found otherwise, but that he would have only been required by the judgment to satisfy it in the course of administration. Satisfied, however, in his own mind that he would realize a sufficient sum out of the assets in his hands to liquidate the claim, the facts indicate that he preferred to rely upon his own judgment, and incur the risk of individual miscalculation, than to put in issue such allegation, and thereby compel the proof of the same. His admission, therefore, obviated any evidence to that effect, and operated the same as if such allegation had been found to be true, thus authorizing the court to render the judgment fixing his personal liability thereunder. A like principle prevailed at common law. A general judgment against an executor who did not plead *plene administravit* or *præter* is conclusive evidence of assets in a second action of defendant suggesting a *devestavit*, the only qualification being that a matter arising subsequent to the former action, showing a destruction of the assets, or removal of them from the hands of the executors without his fault, may be set up. (*Tremmier* v. *Thompson,* 19 S. C. 252.) "This proceeds," said the court in that case, "on the ground that the action being against the executor for a debt of the testator, has embraced in it two distinct allegations, both of which are necessary to his recovery; *first,* that the testator owed the debt; and *second,* that the executor has assets to pay it, whether this latter is or is not expressly alleged in the complaint. The executor has the right to resist both allegations. He may plead *plene administravit;* indeed, he must do so, at the peril of having it concluded against him by default or confession that he has assets. This conclusion rests upon the doctrine of that kind of estoppel known as *res adjudicata,* that a party having the opportunity in an action to make a defense, and does not do so, is precluded from doing so afterwards." As the plaintiff in this suit was not precluded from making his defense in the action at law, but by his admission authorized the judgment rendered, he cannot now invoke the aid of equity to set it aside, unless he has been deprived of some legal right by fraud, accident, or mistake. "A party," said the chancellor, in *Glenn* v. *Maguire,* 3 Tenn. Ch. 696, "can come

into this court for relief after a judgment at law only when he has been deprived of a legal right by fraud, accident, or mistake, unmixed with negligence or fault on his part." (*Kearney* v. *Smith,* 3 Yerg. 127; *Thurmond* v. *Durham,* 3 Yerg. 98.) This court has no power to supervise the proceedings of a court of law, nor to correct its irregularities. (*Thompson* v. *Meek,* 3 Sneed, 271; *Bissell* v. *Bozman,* 2 Dev. Eq. 160.) While, therefore, courts of equity to prevent injustice may interfere and afford relief, it is indispensable in founding a right to such relief that the executor or administrator exhibit a case free from negligence or misconduct on his part.

It sometimes happens that the assets in his hands are destroyed or depreciated by circumstances over which he has no control, or that a deficiency arises by the payment of claims in full, and subsequently other claims unknown at the time turn up and require to be paid, or there occurs some mistake of fact originating in ignorance or forgetfulness, or the belief in the existence of a thing which does not exist, material to the transaction, and in all such cases, if he has acted in entire good faith, and his conduct is free from negligence, equity will interpose and afford relief from the inequitable loss or injury which otherwise would befall him. (Story's Eq. Juris. §§ 90, 140; Freeman on Judgments, § 505; High on Injunctions, §§ 144, 165, 179, 191.) So that an administrator, believing that he has assets sufficient for the payment of all debts, suffers judgment to be entered against him, will be relieved in equity if the assets become insufficient through an unexpected depreciation of their value. The reason is, that the defense arises subsequently to the judgment, and without any fault of the administrator. So, too, if the act done or judgment suffered be made under a mistake or in ignorance of a material fact, and without fault on his part, it is relievable in equity. But if an executor confesses judgment against himself for a debt of his testator, upon a miscalculation of the amount of assets in his hands, and it appears afterwards that the assets are insufficient to satisfy it, he will not be relieved in equity against the judgment. (*Freelands* v. *Royall,* 2 Hen. & M. 575.) In that case, Roane, J., said: "Unless we say that it is

XVI. OR.—23.

not competent for an executor to admit assets and confess an unqualified judgment, we cannot interfere in the case." Fleming, J., said : " This appears to be a hard case, but it seems to have arisen from their own miscalculation as to the sufficiency of the assets in their hands to discharge the debt, and not from a misconception on the effect of their waiving their plea of fully administered, and confessing an unconditional judgment."

The case in hand is much stronger on its facts. The defendant had presented his claim to the plaintiff for allowance, and he had rejected it. There was no alternative left the defendant but to bring his action to establish the validity of his claim, and secure his right to its payment in the due course of administration, and in this connection the law gave him the right to allege and prove in that action, and the plaintiff to admit or deny, and compel proof that the plaintiff as such administrator had assets in his hands applicable to the payment of, and sufficient to satisfy such claim. Cognizant of the legal consequences of his act, he admitted the allegation and rendered proof of it unnecessary, and judgment was rendered against him for the amount of such claim as the statute directs.

There is no pretense that the property depreciated in value in consequence of some unexpected circumstance, or that the plaintiff was ignorant of any material fact in respect to such assets, only that he miscalculated or blundered in his judgment of their value, as measured by the sale subsequently made, and that he ought, therefore, to be relieved from the consequences of his own solemn admission made of record, and which deprived the defendant of the right to prove the truth of his allegation. There was no loss of property or depreciation from any cause of its value; it was the same at the time of the sale as it had been when the estimate of its value was gauged by the plaintiff and admitted to be sufficient to liquidate the defendant's claim. Nor was there any fact which exists now, but of which he was ignorant then, that influenced his calculation of value, and induced his default. He acted from the suggestions of his own mind, and took upon himself the choice of his own plea, and necessarily the legal consequence resulting therefrom. It may

have been injudicious and ill-advised, but courts of equity cannot relieve parties from the consequences of such acts. It must be said, also, that other claims have been paid in full, and the defendant, relying upon the judgment obtained, has not looked to the estate for its payment, and now long after the rendition of such judgment the plaintiff says he miscalculated the assets, and acted injudiciously in making the admission of record, asks that he be relieved of its consequences.

We do not think we have the power in equity on the case made to do it.

The judgment must be reversed and the bill dismissed.