LOUIS FREEMAN, JULIUS H. BURWELL AND ANDY JONES, IN BEHALF OF THEMSELVES AND ALL OTHER CREDITORS OF L. FREEMAN & COMPANY, WHO SEE FIT TO COME INTO THIS PROCEEDING AND BECOME PARTIES THERETO AND BEAR THEIR PORTION OF THE EXPENSE THEREOF, v. W. B. WOOD.

Opinion filed February 16, 1905.

**Judgment — Action to Set Aside Assignment for Benefit of Creditors.**

1. An independent action to set aside a judgment is not maintainable when the remedy by motion provided by section 5298, Rev. Codes 1899, is available and adequate.

**Order Discharging Assignee for Benefit of Creditors Is a Final Judgment Assailable Only as Other Judgments.**

2. The order of discharge of an assignee for the benefit of creditors, which the court is authorized by section 4675, Comp. Laws 1887, to make after a hearing and upon notice, is, in effect, a final judgment, and as such is binding upon assignors and creditors, and is subject to attack only upon grounds upon which other judgments are assailable.

**A Party Seeking by Equitable Action to Set Aside a Judgment Must Appear Free from Fault or Negligence.**

3. Where, in an action in equity to set aside a judgment, newly discovered evidence is presented as the ground therefor and for a new trial, it must appear that the failure to secure and present such evidence at the proper time was unmixed with the fault or negligence of the party asking relief.

**Complaint — Demurrer.**

4. The complaint in this case shows that the defendant was made assignee for the benefit of creditors September 27, 1893, and that he was regularly discharged in July, 1895; that within thirty days prior to the commencement of this action to set aside the judgment of discharge and to secure a new accounting, which was five years after such judgment was rendered, the plaintiff "accidentally" discovered that the account was not true in several particulars. It is *held* upon a general demurrer that the complaint does not state a cause of action for the following reasons: (1) It does not show that the remedy by motion is not available, or is inadequate. (2) It does not show that the evidence which plaintiffs seek to present on the new accounting could not have been secured and presented at the hearing, or within one year thereafter, when the remedy by motion was available by the exercise of reasonable diligence. (3) It does not set forth the nature and character of the newly discovered evidence. Whether equity will ever intervene to grant a new trial for newly discovered evidence under our statute is not determined.

Appeal from District Court, Grand Forks county; *Kneeshaw, J.*

Action by Louis Freeman and others against W. B. Wood. Judgment for defendant and plaintiffs appeal.

Affirmed.

*Tracy R. Bangs* and *Guy C. H. Corliss,* for appellants.

The fallacy of the court in its former decision in this action is in its failure to distinguish between the case at bar and the decision of this court in Kitzman v. Minnesota Thresher Mfg. Co., 10 N. D. 26, 84 N. W. 585. In the Kitzman case the ground for setting aside the judgment was *extrinsic* to the merits of the case. The plaintiffs in this case claim that the judgment they seek to set aside is fraudulent, not because they were induced to keep away from the court, but because there was a fraud in the very accounting itself working a deception on the court to induce it to render a decree which it would not otherwise have rendered.

Where there is actual litigation and parties try a controverted issue, each party must be on his guard against false swearing and false representations on the trial; where the fraud is not extrinsic, but is connected with the mere trial of the case, no redress in equity can be had as against the final judgment rendered. United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93. But where there is no actual litigation in court and no contest between parties over a settled issue, but the proceeding is merely an accounting by a trustee in a court of equity for the benefit of the beneficiaries, the law looks upon the relation of the parties as different from those engaged in an actual lawsuit. And for fraud in the accounting itself, to wit, in false swearing or presenting false vouchers or in making false entries in the account, the law will justify and compel a court of equity to set aside the judgment discharging such trustee and compel him to make an honest accounting of his trust. Ridenbaugh v. Burnes, 14 Fed. 93; Anderson v. Anderson, 52 N. E. 1038; Perry on Trusts, section 924; Griffith v. Godley, 113 U. S. 89, 28 L. Ed. 934, 5 Sup. Ct. Rep. 385; Williams v. Herrick, 25 Atl. 1100; Pratt v. Northam, 19 Fed. Cas. 1254, 5 Mason, 95; West v. Waddill, 33 Ark. 575; Wringold v. Stone, 20 Ark. 526; Adair v. Cummin, 48 Mich. 375, 12 N. E. 495; Holden v. Meadows, 31 Wis. 284; McLachlan v. Staples, 13 Wis. 448; Stetson v. Bass, 9 Pick. 27; Wiggin v. Sweet, 6 Metc. 194, 9 P. I. 166; 2 Leading Cases Eq.

208 and note; Nelson v. Rockwell, 14 Ill. 375; Bruce v. Doolittle, 81 Ill. 103; Bond v. Lockwood, 33 Ill. 212; 1 Woerner Admin. 1132, and note; Miller v. Steele, 64 Ind. 79; Greene v. Sargent, 23 Vt. 466, 56 Am. Dec. 88; 11 Am. & Eng. Enc. Law (2d Ed.) 1315 and 1316.

The amended complaint alleges that the remedy by motion would not be adequate. The fraud on which we predicate our right to set aside the order discharging the assignee relates to the very merits of the accounting, and the honesty and fairness thereof. To require a suitor to produce evidence covering the entire administration of this trust by the assignee so as to show that the accounting was not honest, on affidavits, is simply to deny him all remedy. It is only by the examination and cross-examination of the witnesses that the truth can be ascertained. It is absurd to require a party to make a motion to set aside a judgment discharging the assignee, upon which motion the entire question of the court is involved and must be investigated; and when, after such investigation on motion it must be investigated a second time in a distinct proceeding in equity. It is not adequate remedy to compel a party to resort to two proceedings when one would suffice. 11 Am. & Eng. Enc. Law (2d Ed.) 201.

Adequate remedy at law means one as practical and efficient as that which equity would afford under the same circumstances. 11 Am. & Eng. Enc. of Law, 200; Morse v. Nicholson, 38 Atl. 178; Hedlund v. Dewey, 105 Fed. 541; Springfield Milling Co. v. Barnard N. Co., 81 Fed. 261.

The limitation upon proceedings by motion to open a judgment upon some ground going to the right of plaintiff to the relief granted does not militate at all against jurisdiction in equity to protect a person from a judgment obtained against him by fraud. California Beet Sugar Co. v. Porter, 9 Pac. 313; Baker v. Riordan, 4 Pac. 232; Brennan v. Bridge Company, 47 Atl. 668; Williams v. Pyle, 56 S. W. 833; Hendron v. Kinner, 81 N. W. 783; Meyers v. Smith, 80 N. W. 273; Stong v. Gilbertson, 14 Mo. 116; Maberry v. McClurg, 51 Mo. 256; Mock v. Pleasants, 34 Ark. 63; Hackley v. Draper, 60 N. Y. 88; Wickersham v. Comerford, 31 Pac. 358; Noyes v. Willard, 18 Fed. Cas. 469; Griffith v. Godley, 113 U. S. 89, 28 L. Ed. 934; Johnson v. Coleman, 23 Wis. 452; 99 Am. Dec. 193; Connell v. Stelson, 33 Iowa, 147; Caruthers v. Hartfield, 24 Am. Dec. 580; Hernandez v. James, 23 La. Ann. 484.

The jurisdiction of a court of equity is not taken away by implication because another remedy has been afforded the suitor. The original jurisdiction of equity remains intact. Waldron v. Simmons, 28 Atl. 629; Schroeder v. Loeber, 75 Md. 195, 23 Atl. 579, 24 Atl. 226; Wells v. Pierce, 27 N. H. 503; Irick v. Black, 17 N. J. Eq. 189; King v. Baldwin, 17 Johns. 384, 8 Am. Dec. 415; Phipps v. Kelly, 6 Pac. 707; McConihay v. Wright, 121 U. S. 201, 7 Sup. Ct. 940, 30 L. Ed. 932; Putnam v. New Albany, Fed. Cas. No. 11,481; Sweeny v. Williams, 36 N. J. Eq. 627; Weslay Church v. Moore, 10 Pa. St. 273; Corrothers v. Board of Education of Clinton Dist., 16 W. Va. 527; Ladd v. Stevenson, 19 N. E. 842, 8 Am. St. Rep. 748; Jones v. Newhall, 115 Mass. 224, 15 Am. Rep. 97.

A court of equity may grant relief against the enforcement of a judgment at law, although a court of law having power to grant the relief has refused to do so. 12 Am. & Eng. Enc. Law, 139, 140; Baldwin v. Davidson, 40 S. W. 765; Stewart v. Caldwell, 54 Mo. 536; Mattern v. Gage, 15 Daly, 38; Foote v. Despain, 67 Ill. 28; How v. Mortell, 23 Ill. 478; Beams v. Denham, 2 Scam. 53; Wilday v. McConnell, 63 Ill. 278; Babcock v. McCommant, 53 Ill. 215; Brake v. Payne, 37 N. E. 140; Mosley v. Gilborn, 54 Pac. 121; Asbury v. Frisz, 47 N. E. 328; Burnett v. Milnes, 46 N. E. 464; Hayden v. Hayden, 46 Cal. 333; Ramsey v. Hicks, 53 Mo. App. 190; Link v. Link, 48 Mo. App. 345; Henderson v. Moore, 34 S. E. 446; Thompson v. Laughlin, 27 Pac. 752; Merriman v. Walton, 38 Pac. 1108.

*J. A. Sorley* and *Geo. A. Bangs,* for respondent.

An order discharging an assignee for the benefit of creditors is the final determination of a proceeding properly brought in a court of this state, and is a judgment. Section 4675, Compiled Laws of 1887; 17 Am. & Eng. Enc. Law (2d Ed.) 762; 1 Freeman on Judgments, sections 1 and 2; Joy v. Elton, 9 N. D. 428, 83 N. W. 875; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721.

The plaintiff Jones will not be permitted to proceed in equity against a judgment to which he was not a party and which did not at its rendition affect any of his rights. 2 Freeman on Judgments, section 512; 15 Enc. Pl. & Pr. 249; Packard v. Smith, 9 Wis. 184; Bank v. Heiman, 80 Ga. 624, 5 S. E. 795; West v. Carter, 129 Ill. 249, 21 N. E. 782; Walton v. Pearson, 111 N. C. 428, 7 S. E. 566; Ward v. Clark, 6 Wis. 509; Bean v. Fisher, 14 Wis. 57; ex parte

McKenzie, 162 Ill. 48, 44 N. E. 413; Bough v. Bough, 37 Mich. 59, 26 Am. Rep. 495; Powell v. McDowell, 16 Neb. 424, 20 N. W. 271; Robinson v. Stevens, 22 Atl. 80.

The right to complain of a judgment is nonvendible, and a cause of action that sounds in deceit or fraud is nonassignable. Zabriskie v. Smith, 13 N. Y. 322; Read v. Hatch, 19 Pick. 47; Cutting v. Tower, 14 Grey. 183; Leggate v. Moulton, 115 Mass. 552; Crocker v. Bellangee, 6 Wis. 645, 70 Am. Dec. 489; Milwaukee & Minn. R. R. Co. v. Milwaukee & West. R. R. Co., 20 Wis. 174, 88 Am. Dec. 740.

A cause of action sounding in a deceit is not assignable. Dayton v. Fargo, 45 Mich. 153, 7 N. W. 758; Brush v. Sweet, 38 Mich. 574; Norton v. Tuttle, 60 Ill. 130; Holmes v. Moore, 5 Pick. (Mass.) 257; Read v. Hatch, 19 Pick. 47; Cutting v. Tower, 14 Grey, 183; Leggate v. Moulton, 115 Mass. 552; Marshall v. Means, 12 Ga. 61, 56 Am. Dec. 444; Milwaukee & Minn. R. R. Co. v. Milwaukee & West. R. R. Co., 20 Wis. 174, 88 Am. Dec. 740; Crocker v. Bellangee, 6 Wis. 645, 70 Am. Dec. 489; Murray v. Buell, 76 Wis. 657, 45 N. W. 667, 20 Am. St. Rep. 92; Sanborn v. Doe, 92 Cal. 152, 28 Pac. 105, 27 Am. St. Rep. 101; Whitney v. Kelley, 94 Cal. 146, 29 Pac. 624, 15 L. R. A. 813, 28 Am. St. Rep. 106; Little v. Hawkins, 19 Gr. (Ont. 1872) 267; Pomeroy's Eq. Jur. section 1276; 1 Perry on Trusts, section 69; 1 Bigelow on Fraud, pp. 214 and 545; Greenhood on Public Policy, p. 432.

The complaint does not state facts sufficient to constitute a cause of action and is vulnerable to four objections, to wit: (a) The fraud and deceit pleaded is intrinsic to the judgment. (b) The bill fails to negative laches. (c) The allegations of the bill are vague, indefinite and uncertain. (d) The plaintiff has an adequate and speedy remedy other than by this bill.

A court of equity will not interpose to vacate or set aside a judgment obtained by perjury or subornation of perjury. United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Greene v. Greene, 2 Gray, 361, 61, Am. Dec. 454; Hass v. Billings, 43 N. W. 797; Miller v. Morse, 23 Mich. 365; Gray v. Barton, 62 Mich. 180, 28 N. W. 813; Falson v. Falson, 55 N. H. 78; Smith v. Lowery, 1 Johns, ch. 432; Ross v. Wood, 70 N. Y. 8; Pico v. Cohn, 91 Cal. 129, 27 Pac. 357, 13 L. R. A. 336; Van Walters v. Board of Childrens' Guardian of Marion County, 132 Ind. 567, 32 N. E. 568, 18 L. R. A. 431; Hamilton v. McLean, 139 Mo. 687, 41 S. W. 226; McDougall v.

Walling, 21 Wash. 487, 58 Pac. 671; Earle v. Earle, 33 S. C. 504, 12 S. E. 165.

An action does not lie against a successful litigant or his witnesses for damages on account of his or their perjury, nor may such perjury or subornation of perjury be pleaded as a defense to an action on the judgment. Smith v. Lewis, 3 Johns. 157, 3 Am. Dec. 469; Cunningham v. Brown, 18 Vt. 123, 46 Am. Dec. 140; Dunlap v. Gilden, 31 Me. 435, 52 Am. Dec. 625; Peck v. Woodbridge, 3 Day, 30; Denerit v. Lyford, 27 N. H. 541; Lyford v. Denerit, 32 N. H. 234; Cottle v. Cole, 20 Iowa, 481.

The bill fails to negative laches. If the judgment be unjust, as the plaintiff's ignorance was without fault, laches or failure of diligence, equity may grant relief. Wales v. Bank, Har. Ch. (Mich.) 308; Hubbard v. Hobson, Breese, 190; Inglehart v. Lee, 4 Md. Ch. 514; Cape Sable Co.'s Cases, 3 Blad. 606; Blatzell v. Randolph, 9 Fla. 366.

To entitle party to relief he must be free from all fault or negligence on his part, including willful fault, want of care, diligence and prudence requisite in the ordinary business of life. Burton v. Wiley, 26 Vt. 432; Story's Equity Jr. 1574; Taylor v. Fore, 42 Tex. 256; Emerson v. Udall, 13 Vt. 477, 37 Am. Dec. 604; Pettes v. Bank of Whitehall, 17 Vt. 435; Carrington v. Holabird, 17 Conn. 530; Foster v. Wood, 6 Johns Ch. 87; Kinney v. Ogden, 2 Green Ch. 87; York v. Cloptor, 32 Ga. 362; Vilas v. Jones, 1 N. Y. 274.

A judgment may be rendered against a litigant which is clearly inequitable and unconscionable. Accident, surprise, mistake, fraud or wrongful conduct of his adversary may have contributed to the result, and the circumstances may be such that there is no relief except in equity, and his equity may be such as to render the courts anxious to afford redress; but if a party is put in an unfortunate position through his own negligence or inattention, equity will not interpose in his behalf. Foster v. Mansfield, C. & L. M. R. R. Co., 146 U. S. 88, 13 Sup. Ct. Rep. 28; Champion v. Woods, 79 Cal. 17, 21 Pac. 523, 12 Am. St. Rep. 126; Stroup v. Sullivan, 2 Ga. 275, 46 Am. Dec. 389; Bellamy v. Woodson, 4 Ga. 175, 48 Am. Dec. 221; Ames v. Snider, 55 Ill. 498; Cairo, etc., R. R. Co. v. Holbrook, 92 Ill. 297; Ratcliff v. Stretch, 130 Ind. 282, 30 N. E. 30; English v. Aldrich, 132 Ind. 500, 31 N. E. 456, 32 Am. St. Rep. 270; Hollinger v. Reeme, 138 Ind. 363, 36 N. E. 1114, 46 Am. St. Rep. 402; Casey v. Gregory, 13 B. Mon. 505, 56 Am. St. Rep. 581; Amhurst

.College v. Allen, 165 Mass. 178, 42 N. E. 570; Kelleher v. Boden, 55 Mich. 295, 21 N. W. 346; Yarborough v. Thompson, 41 Am. Dec. 629; Jordon v. Thomas, 34 Miss. 72, 69 Am. Dec. 387; Norwegian Plow Co. v. Bollman, 47 Neb. 187, 66 N. W. 292; Parker v. Jones, 5 Jones Eq. 276, 75 Am. Dec. 441; Brenner v. Alexander, 16 Or. 349, 8 Am. St. Rep. 301, 19 Pac. 9; Thompkins v. Brennen, 56 Fed. Rep. 694; Hendrickson v. Hinckley, 58 U. S. 443, 17 How. 443, 15 L. Ed. 123; Crim v. Handley, 94 U. S. 652, 24 L. Ed. 216; Evers v. Watson, 156 U. S. 527, 15 Sup. Ct. Rep. 430.

The allegations of the bill are vague, indefinite and uncertain. What may seem ample to the plaintiffs as proof of fraud as a basis for their charge might if presented to the court seem entirely inadequate. Badger v. Badger, 69 U. S. 87, 17 L. Ed. 836; Foster v. Mansfield, C. &. L. M. R. R. Co., 146 U. S. 88, 13 Sup. Ct. Rep. 28; Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800; United States v. Atherton, 102 U. S. 372, 26 L. Ed. 213; Evers v. Watson, 156 U. S. 527, 15 Sup. Ct. Rep. 430; Smith v. Nelson, 62 N. Y. 286; Ohio & W. Mortgage & Trust Co. v. Carter, 58 Pac. 1040; Smith v. Bank, 18 R. I. 705, 30 Atl. 342; Kay v. Whittaker, 44 N. Y. 565.

There is adequate remedy in the original proceeding. Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Kitzman v. Minnesota Thresher Mfg. Co., 10 N. D. 26, 84 N. W. 585.

There is ample remedy by motion in the original proceeding. Section 5298, 3 Pom. Eq. Jur. section 1361; Headley v. Bell, 84 Ala. 346; Harding v. Hawkins, 141 Ill. 572, 31 N. E. 307, 33 Am. St. Rep. 347; Ratcliff v. Stretch, 130 Ind. 282, 30 N. E. 30; Whitaker v. Wickersham, 5 Del. Ch. 187; Lininger v. Glenn, 33 Neb. 187, 49 N. W. 1128; Proctor v. Pettit, 25 Neb. 96, 41 N. W. 131; Phillips v. Pullen, 45 N. J. Eq. 5, 16 Atl. 9.

Where a judgment may be set aside by a motion in the original action, on the grounds which would give jurisdiction to a court of equity, and the time within which such motion may be made has not expired, the remedy at law is adequate and courts of equity will not take jurisdiction. Freeman on Judgments, section 497, p. 874; Logan v. Hillegass, 16 Cal. 201; Bibend v. Kreutz, 20 Cal. 110; Sauchez v. Carriaga, 31 Cal. 170; Luco v. Brown, 73 Cal. 3, 14 Pac. 366, 2 Am. St. Rep. 772; Hart v. Lazaron, 46 Ga. 396; Morris v. Morris, 76 Ga. 733; Hollinger v. Reeme, 138 Ind. 363, 46 Am. St. Rep. 402, 36 N. E. 1114; Mason v. Miles, 63 N. C. 564; Gallop v. Allen, 103 N. C. 24; Whitehurst v. Merchants & Farmers

Transp. Co., 109 N. C. 342, 13 S. E. 937; Crocker v. Allen, 34 S.
C. 452, 13 ,S. E. 650, 27 Am. St. Rep. 831; Ede v. Hazen, 61 Cal.
360; Ketchum v. Crippen, 37 Cal. 223; Heller v. Dyerville Mfg. Co.,
47 Pac. 1016; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Kitz-
man v. Minnnesota Thresher Mfg. Co., 10 N. D. 26, 84 N. W. 585;
Crandall. v. Bacon, 20 Wis. 639, 91 Am. Dec. 451; Buckley v. Heli-
brunner, 7 Ind. 489; Grass v. Hess, 37 Ind. 193; March, Admr. v.
Best, 41 Mo. 493; Vilas v. Plattsburg & M. R. Co., 125 N. Y. 440,
25 N. E. 941; Brown v. Chapman, 90 Va. 174, 17 S. E. 855, 20 Am.
St. Rep. 771.

The rules of equity are applicable to a complaint such as the one
at bar.   Bursinger v. Sleeper, 69 Wis. 219, 34 N. W. 149; In re
Baker, 72 Wis. 395, 39 N. W. 764; Lawson v. Stacey, 51 N. W.
961; Commercial Bank v. McAuliffe, 66 N. W. 110; Kows   v.
Mowery, 10 N. W. 283; Carver v. Lewis, 2 N. E. 705, 2 N. E. 714;
In re Hawley, 3 N. E. 68; Field v. Ridgley, 6 N. E. 156; Cast-
tetter v. State ex rel. Bradburn, 14 N. E. 388; Braiden v. Mercer,
7 N. E. 155.

YOUNG, J.   This is an action to vacate a judgment of the dis-
trict court of Grand Forks county discharging the defendant, as as-
signee for the benefit of creditors of Freeman & Burwell, insolv-
ents, and exonerating his bondsmen, and to secure a new accounting.
The ground alleged as a basis for the relief sought is the fraud
of the assignee in accounting.   The action is prosecuted  by  the
assignors and one Andy Jones, who, since the defendant was dis-
charged, has purchased from a number of the creditors their claims
against said insolvents.   The case was before us upon the former
appeal upon a general demurrer  to  the  complaint, which  was
sustained.   Freeman v. Wood, 11 N. D. 1, 88 N. W. 721.   There-
after the complaint was amended.   The defendant again demurred.
The demurrer was sustained, and this appeal is from the order sus-
taining the same.

The complaint alleges, in substance, that on September 27, 1893,
Julius H. Burwell and Louis Freeman, who had theretofore been
engaged in selling farm machinery in the city of Grand  Forks
under the firm name of L. Freeman & Co., were insolvent; that on
said date they made a written assignment to the defendant, as as-
signee, of all their property, for the benefit of  their  creditors,
under the provisions of sections 4660 to 4680, inclusive, Comp. Laws
1887; that the defendant duly filed his written acceptance of the

trust, gave the bond required by statute, and entered upon the discharge of his duties; that the assignors delivered to him all of their property; that, as required by statute, they made and filed with the register of deeds of Grand Forks county, the county in which the assignors resided, a true inventory, verified by their oaths, showing the names and residences of all their creditors, and the amounts due to each, and also a list of "all the assignors' property at the date of the assignment, * * * and all vouchers and securities relating thereto, and the value of such property according to the best knowledge of said assignors;" that there was transferred to the actual possession of the defendant, by the deed of assignment, notes, accounts and merchandise of the actual value of $40,362.90, and an equity in certain other notes, which had been pledged as collateral, of the value of $4,305.82; that at said date the assignors were indebted upon their promissory notes to five certain creditors, who are named, in various amounts, aggregating $15,262.97, all of which notes have, since the defendant's discharge, for a valuable consideration, been assigned and transferred to the plaintiff Andy Jones; that, in addition thereto, the assignors were indebted to various other creditors in the sum of $15,225.55; that no part of said liabilities has been paid except a payment of 19 per cent, which was made by the defendant upon his final accounting and discharge. It is alleged that in May, 1895, the defendant represented to the various creditors that all of the assets had been realized upon, and the proceeds distributed, except notes and accounts of the face value of $13,000, which were represented to be of little or no value; that the creditors, relying upon such representations, consented to a private sale thereof; that in June, 1895, the defendant represented that he had made a sale of said remaining assets for sufficient to pay a dividend of 5 per cent, which dividend was received by the creditors in reliance upon said representations; that in truth and in fact the defendant had notes and accounts of the actual value of $30,000, and that no sale was in fact made; that the defendant personally advanced the money which was paid as dividends. Further, that in July, 1895, the defendant made a report in writing to the judge of the district court, and an "alleged account of his proceedings as assignee and of the discharge of the duties of his trust, and of the moneys and property of said estate which came into his hands for distribution," in which he reported that he had realized only $13,674.18, and that the ex-

penses of administration of his said trust were $5,720.95; that at the time said final account and report was presented "to the court and plaintiffs and their predecessors in interest," all of the creditors, "because of the false representations hereinbefore set forth, and trusting and believing that said estate had been fully, fairly and honestly administered, and the assets thereof realized upon and fairly accounted for, failed to appear and make any objection to said account, and the court, by reason of such false report, was misled and deceived, and induced by the false representations of said assignee, hereinafter referred to, to make and enter an order allowing the final account of the assignee, and a final order was made and entered allowing said final account and discharging said assignee and his bondsmen from all future liability ln said case; that said account was not a true and just account and report of the transactions of the defendant as assignee, and was not a true report of the amount realized from the assets of said estate or the disposition thereof, but was fraudulently made with intent to deceive both the court and creditors of said estate;" and "upon information and belief" it is alleged that the report was false in this: that the defendant had realized a much greater sum in cash than he reported, and that the notes reported to have been sold at private sale were also of greater value than represented; further, that a certain credit which was allowed to defendant for commissions should not have been allowed because of his alleged maladministration; further, that he falsely claimed and was allowed credit for moneys alleged to have been paid for attorney's fees, which it is alleged upon information and belief were not paid, and a similar allegation is made as to certain credits for moneys disbursed to pay the expenses of collection.

The foregoing allegations are the same as those contained in the original complaint, which was held insufficient upon the former appeal upon the ground that an independent action will not lie where the remedy at law by motion, provided for by section 5298, Rev. Codes 1899, is available, and that a complaint which does not show that such motion is not available, or that it is inadequate, does not state a cause of action. Section 5298 confers upon the district court the power "at any time within one year after notice thereof to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." Thus far in their complaint the plaintiffs

have offered no excuse for not having availed themselves of the remedy provided by the section just referred to; neither have they alleged any facts to show that such remedy is not now available or adequate. For the purpose of meeting these defects, two paragraphs have been added to the present complaint, in which it is alleged: (1) That neither of the assignors nor any of the creditors knew of any of the acts of fraud or violation of trust until March, 1900, when L. Freeman "was accidentally apprised of the fact that the defendant, Wood, claimed to be the owner of a certain claim," which prior to the assignment belonged to the assignors; that thereafter the said L. Freeman "caused certain investigations to be made," from which investigation the facts were "slowly and laboriously developed." (2) That the accounting by the defendant involves so many details and facts that they cannot be set out in the form of affidavits, and for that reason it is, and has been at all times, impracticable to present these matters to the court upon a motion for relief from the judgment. Counsel for the defendant contend that the foregoing amendments have not cured the defect in the complaint, and that it is still vulnerable to a general demurrer for the same reason as before, viz., that it does not show that the remedy by motion is not available, or that it is not adequate. In our opinion, this contention is sound, and must be sustained. The remedy given by section 5298 is available "at any time within one year after notice" of the judgment or order against which relief is sought. The complaint does not state when the defendant had notice of the judgment. It does not show, therefore, that one year has expired after notice, and thus does not negative the present availability of the remedy by motion. Neither does it show that the remedy by motion is inadequate. There is no attempt to show that the plaintiffs could not or cannot present the evidence which will excuse their default, if any they have, in the form of affidavits. The merits of the accounting are not involved on such a motion. It is the sufficiency of their excuse for their default. If the plaintiffs' excuse for their default should be found sufficient, the judgment of discharge would be set aside, and an account taken in the manner provided for by the statute, the same as though no judgment of discharge had been entered. The complaint thus failing to show that the remedy by motion is not available, or that it is inadequate, does not state a cause of action.

There is another ground, however, and one going to the merits of the present action, which requires us to hold that the complaint does not state a cause of action, and that is its failure to show that the plaintiffs have been diligent in pursuing their legal remedies. We may assume for the purposes of this question that the assignors and creditors had notice of the judgment of discharge when it was entered in July, 1895, and that the remedy by motion is therefore not now available because of the lapse of time, and that the only relief obtainable is through the aid of a court of equity. The plaintiffs are asking to be relieved from the effect of a final judgment of a court of competent jurisdiction. The statute under which the defendant assumed the duties and liabilities of assignee provides that all proceedings relative to the assignment "shall be subject to the order and supervision of the judge of the district court of the county in which the assignment is made." It also makes provision for a final accounting and discharge of the assignee and for the discharge of his bondsmen. Section 4675, Comp. Laws 1887, reads in part as follows: "Whenever an assignee has fully complied with his trust he may by order of the judge be fully discharged from all further duties, liabilities and responsibilities connected with the trust" after a hearing and upon notice. "If upon the hearing the judge shall be satisfied that the assignee is entitled to be discharged, he shall make an order accordingly. * * * Such order shall have the effect to discharge the assignee and his sureties from all further responsibility in respect to the trust." It is clear that the order of discharge which plaintiffs seek to have set aside has all the elements of a final judgment, and as such is binding upon all persons whose interests were involved in the adjudication. The assignors and creditors were parties to the proceedings. They had notice of the application, and are bound by the judgment of discharge. The fact that they did not appear at the hearing does not affect its validity or binding force. The question involved at the hearing was whether the defendant had honestly and faithfully administered the trust and satisfactorily accounted for all of the property which had been placed in his hands. The court found that he had been faithful, and had accounted fully, and thus negatived all of the charges of unfaithfulness and fraud with which the plaintiffs now accuse him. That this was the effect of the order of discharge is apparent, and it was so held by the Supreme Court of Wisconsin in Magnus v. Sleeper, 69 Wis. 219, 34 N. W.

149, under a similar statute. Upon the general proposition that judgments of this nature are binding upon parties in interest who have submitted to the jurisdiction, see Joy v. Elton, 9 N. D. 428, 83 N. W. 875; Clendening v. Bank, 12 N. D. 51, 94 N. W. 901. The judgment of discharge having been rendered by a court of competent jurisdiction is subject to attack only upon grounds upon which other judgments are assailable. What is the ground of the plaintiff's attack upon this judgment? It is (1) that the defendant did not render an honest account, and (2) that less than thirty days prior to the commencement of this action the plaintiffs accidentally discovered certain evidence which led to the discovery of certain other evidence, the nature of which is not disclosed, which, it is assumed, if known to them prior to or at the time of the hearing of defendant's application for discharge, would have defeated his discharge, and required him to account for and pay to the creditors other and larger sums of money than were distributed. The relief which plaintiffs thus seek is like that which was formerly obtained by a bill in equity for a new trial. In this case it is a new accounting upon the ground of newly discovered evidence. The equitable remedy for securing a new trial has become almost obsolete, and has seldom, if ever, been successfully invoked in recent years. Whether it is available in this state under any circumstances we are not called upon to determine, for we are agreed that the complaint in this case falls far short of showing that the plaintiffs are entitled to a new trial under familiar and well-settled rules which govern courts of equity in actions of this character. It is well settled that, "to warrant the exercise of this jurisdiction, the party seeking it must show that he was prevented by fraud, mistake or accident from maintaining his legal rights, and that the obstacle preventing him could not have been overcome or avoided by any reasonable diligence on his part. These requisites are absolutely indispensable, and the rule inflexible, and it is enforced with especial strictness where relief is sought on the ground of newly discovered evidence." Floyd v. Jayne, 6 Johns. Ch. 479; Foster v. Wood, 6 Johns. Ch. 87; Burton v. Wiley, 26 Vt. 430; Emerson v. Udall, 13 Vt. 477, 37 Am. Dec. 604; Hannon v. Maxwell, 31 N. J. Eq. 318. And where the ground for relief is newly discovered evidence, the complaint must show diligence in discovering it. The mere want of knowledge of its existence is not sufficient. In Foster v. Mansfield, 146 U. S. 88, 13 Sup. Ct. 28, 36 L. Ed. 899, which was an action

in equity by a stockholder to set aside a foreclosure sale of a railroad for fraud of which the plaintiff was ignorant until shortly before he filed his bill, the court said: "The defense of want of knowledge on the part of the one charged with laches is easily made, easy to prove by him on oath, and hard to disprove; and hence the tendency of courts in recent years has been to hold plaintiff to a rigid compliance with the law, which demands not only that he should have been ignorant of the fraud, but that he should have used reasonable diligence to have informed himself of that fact. Especially is this the case where the party complaining is a resident of the neighborhood in which the fraud is alleged to have taken place. * * * If a person is ignorant of his interest in a certain transaction, no negligence is imputable to him for failing to inform himself of his rights, but if he is aware of his interest, and knows that proceedings are pending, the result of which may be prejudicial to such interest, he is bound to look into such interest so far as to see that no action is taken to his detriment." In this case the assignors and creditors were parties to the insolvency proceedings. They knew what the assets were. The assignors had listed them, and sworn to their value, and filed an inventory of the same in the office of the register of deeds. The insolvents' business was located at Grand Forks, and the assignors as well as the creditors must have known in a general way, at least, the value of the assets. The means of ascertaining whether any notes and accounts had been paid, and what had been paid, was at all times open to them. They were interested in the adjudication—the assignors in having as large a part of their debts paid as possible, and the creditors in securing from the estate, which was apparently the only means of securing payment, as large a sum as possible. They had notice of the defendant's application for discharge, and knew that the court would be asked to pass upon his final account and to enter judgment discharging him and his bondsmen from further liability. Under these circumstances it was their duty to investigate the facts, and procure all available evidence bearing upon their rights, and to attend the hearing and protect their interests, which were then being judicially passed upon. The question considered on the former appeal was whether the plaintiffs had an adequate remedy by motion, not whether the plaintiffs had lost their rights by neglect. The statement in the former opinion (page 9, 11 N. D., page 724, 88 N. W.), therefore, that "the plaintiffs had ample

reason for their nonappearance before the district court when they were cited to appear," was not pertinent to the question then under consideration, and is not sustained by the allegations of the complaint. In our opinion, the creditors were negligent in not appearing at the hearing, and the complaint does not excuse their default. It was their right and duty to appear. They did not appear, and under such circumstances a court of equity will not grant relief, even though the judgment of discharge be unjust. C. & St. L. R. R. Co. v. Holbrook, 92 Ill. 297; Stroup v. Sullivan, 2 Ga. 275, 46 Am. Dec. 389; Smith v. Lowry, 1 Johns. Ch. 320; Barker v. Elkins, 1 Johns. Ch. 465; Bellamy v. Woodson, 4 Ga. 175, 48 Am. Dec. 221; Evers v. Watson, 156 U. S. 527, 15 Sup. Ct. 430, 39 L. Ed. 520; Tillis v. Prestwood, 107 Ala. 618, 18 South. 134; Hazlett v. Burge, 22 Iowa, 531; Brenner v. Alexander, 16 Or. 349, 19 Pac. 9, 8 Am. St. Rep. 301; Hollinger v. Reeme, 138 Ind. 363, 36 N. E. 1114, 24 L. R. A. 46, 46 Am. St. Rep. 402; Hendrickson v. Hinckley, 17 How. 443, 15 L. Ed. 123; Crim v. Handley, 94 U. S. 652, 24 L. Ed. 216. It must appear that their failure to secure relief by legal remedies was unmixed with any fault or negligence on their part. That the situation in which the creditors find themselves is due to their own neglect is apparent. Had they attended the hearing, it is fair to assume that all of the facts relating to the trust would have been disclosed, and their rights fully protected. Further, if we could assume that they were excusable in not attending the hearing, and no excuse is offered, this would avail them nothing, for the reason that it appears that no effort whatever was made within the ensuing year, when they could have excused this default upon motion, to investigate the facts and ascertain whether the defendant had rendered a correct account of his stewardship. New trials are granted upon the ground of newly discovered evidence only when it appears that proper diligence has been used to secure and produce it. Proper diligence required the creditors to appear at the hearing and protect their interests. Had they done so, it is improbable that they would now have cause for complaint. It is clear that they could have discovered the facts upon which they now rely within one year thereafter without difficulty. The complaint does not show that any diligence whatever was used either before the hearing or afterwards. It alleges that the discovery of the fraud was "accidental," and this accidental discovery was five years after the defendant had been discharged. Courts of

equity do not open their doors to those who have been guilty of such indifference in protecting their own interests.

The complaint is also insufficient for another reason. It does not disclose the character of the newly discovered evidence which the defendants expect to offer upon the new accounting which they seek. In Hannon v. Maxwell, supra, which was a bill in equity for a new trial, a complaint very similar in its averments was held insufficient upon this ground. The reasons—and they are elementary—were stated in the following language: "The rule as to the character of the newly discovered evidence which can be successfully presented as a ground for a new trial is well settled. It must be material, relevant and noncumulative, and such as could not have been discovered in time for use at the first trial by the exercise of proper care and diligence. The bill should disclose the character of the evidence, so that, from the pleading, the court can determine its materiality and relevancy. The bill should further show that proper dilgence was used in the preparation for the first trial, and that the exercise of such diligence failed to discover the testimony; or that, from the character of the testimony or the manner of its subsequent discovery, no proper degree of care would have brought it to light in time for the original trial."

The order sustaining the demurrer is affirmed. All concur. (103 N. W. 392.)