## CITY OF FT. PIERRE v. HALL.

1. A city could not obtain equitable relief against a default judgment entered on warrants, one of which was, by mistake of law, drawn on the wrong fund for an amount indefinitely excessive, and the other of which had not matured when the judgment was entered, where the defenses against the enforcement of such warrants were matters of public record, and the city officials had, for five years before seeking relief against such judgments, ample means

of access to such records, although they claimed that it was a "difficult matter" to locate the papers relating to the issuance of the warrants.

2. Where mistake, fraud, or ignorance of facts is relied upon as ground for equitable relief against a judgment, and delay in seeking such relief is attempted to be excused, the complaint must show that plaintiff has not slumbered on his rights, and that the remedy has been invoked within a reasonable time after a discovery of the facts has or should have been made.

3. Where a person seeks to enjoin a judgment at law, the specific grounds upon which his equity rests must be distinctly set forth and it is indispensable that the complaint show upon its face that the judgment assailed was not rendered by reason of his own negligence in not making the necessary defense.

4. In a suit by a city to enjoin a judgment on warrants, where one of the warrants was confessedly valid, and the payee named in the other had constructed a sidewalk, for which he was entitled to a warrant on a fund created by special assessment against city property, the failure of the city to tender the just amount due, or the warrant to which defendant was confessedly entitled, violates the maxim that one who seeks equity must do equity.

(Opinion filed Aug. 2, 1905)

Appeal from circuit court, Stanley county; Hon. LORING E. GAFFY, Judge.

Action by the city of Ft. Pierre against Eliza Hall. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*John F. Hughes,* for appellant.

*John A. Holmes,* for respondent.

FULLER, J. At the trial of this action to permanently restrain the enforcement of a judgment based on two city warrants, aggregating $523.30, the sufficiency of the facts stated in the complaint

was challenged by a general demurrer, and this appeal is from an order sustaining the same.

Eliminating incongruous averments and some of the conclusions of law, it is alleged, in substance, that one of the warrants issued in legal form by the proper officials of the city of Ft. Pierre on the 5th day of February, 1894, and upon that day duly registered, "Not paid for want of funds," was drawn by mistake on the general fund, instead of a fund derived from special assessments against property in front of which the payee named in the warrant had constructed a sidewalk, and that the defendant thereupon purchased the same at a very liberal discount, with full knowledge of such mistake; that afterward the defendant, Eliza Hall, instituted an action, and filed her verified complaint, wherein it is falsely stated that the above-mentioned warrants are valid obligations of the city, and judgment by default on said warrants was rendered and entered on the 6th day of March, 1900. It is further alleged "that a portion of the said warrants were valid warrants of this plaintiff, but the same were not due, and no action had accrued on the same at the time of entering said judgment." Assuming that proof of the allegations of the complaint would have been sufficient to defeat the action of the warrants, we will determine from a consideration of all of the facts and circumstances whether plaintiff's failure to obtain justice is due to negligence in offering no defense to that action. Neglect to appear and answer therein, and this tardy application to a court of equity to permanently restrain the enforcement of the judgment by default, is sought to be justified in the complaint as follows: "That since the issuance of said warrant, and at the time of rendition of such judgment, and up until a few weeks since, the mayor, council, and other officers of this plaintiff had no knowledge or information in regard to the invalidity

of said warrant, or of its not having been a legal claim and demand against this plaintiff, and had no knowledge of the facts relating to its issuance, as hereinbefore set forth. That at the time of rendition of said judgment this plaintiff or its officers or agents had no knowledge of its said defense to said action, nor could they have discovered the same by the exercise of proper and due diligence. That it was a difficult matter to find and locate the records and papers relating to the issuance of said warrant, and upon which the same was based, said records and papers being also indefinite, and making it a difficult matter to trace the history of said warrant; and at the time of rendition of said judgment, and at all times herein mentioned, there was nothing to call the attention of the officers and agents of this plaintiff to the fact of the invalidity of this warrant, and this plaintiff and its said officers had no knowledge of the same until within the last few weeks. That about thirty days since, when this warrant was presented for payment, owing to the fact that it had been lately discovered that other illegal judgments had been taken against this plaintiff, it occurred to some of the officers of this plaintiff that it might be advisable to investigate the records in relation to this and other warrants. This investigation resulted in discovery by said officers of the facts as hereinbefore set forth in relation to the illegality of this warrant, and of all the matters in relation to it as hereinbefore set forth. That, owing to the sworn statements made by defendant in her complaint in said action, wherein she alleged that the said warrant was based upon a good and valid consideration and was duly and properly drawn, the court was misled and induced to sign the decree in said action; and said decree was based upon the warrants as hereinbefore set forth, and including this last-described warrant, and was entered for an amount of $260.82 in excess of the amount for which it

would have been rendered, had the facts in regard to this warrant not been misrepresented and so falsified in plaintiff's complaint. That the time within which this plaintiff could move the court to set aside or vacate said judgment has long since expired, and the time for appeal therefrom has long since expired, and this plaintiff has not now, nor has it had for more than two years past, any other plain or adequate remedy at law, or any other remedy whatever."

Consonant with public interest, and the reluctance of a court of equity to disturb judgments at law, we say in the case of Howard v. City of Huron, 6 S. D. 180, 60 N. W. 803, that: "The conclusiveness of a judgment upon the rights of the parties does not depend upon its form, or upon the fact that the court investigated or decided the legal princpiles involved. A judgment by default or confession is in its nature just as conclusive upon the rights of the parties before the court as a judgment upon demurrer or verdict." It would do violence to the well-established practice of courts of equity to relieve plaintiff from a judgment, the rendition of which might have been prevented by the production of evidence which had been for five years before this action was commenced a matter of public record, and the fatally indefinite allegation "that it was a difficult matter to locate the records and papers relating to the issuance of said warrant" furnishes no excuse for delay and failure to defend. Ample means for information is equivalent to knowledge, and courts of equity will not interfere in behalf of an aggrieved party who has slumbered on his rights for an unreasonable time in full view of a defense which might have been reasonably known and asserted by the exercise of ordinary diligence. That, by mistake of law, one of the warrants was drawn on the wrong fund for an amount indefinitely excessive, and the other had not matured when judgment was entered, is the only basis for the unspecified

charge of fraud, and it is plainly apparent that such defense might have been discovered by reasonable inquiry long prior to the commencement of the original action. To the point that the remedy here invoked is confined to extraordinary cases, we quote from section 485, Freeman on Judgments, as follows: "The rule allowing parties to appeal to chancery against a judgment in any court is of great strictness and inflexibility, and it is necessary that it should be so, as otherwise the jurisdiction of that court would soon supplant all other tribunals. A court of equity therefore will not lend its aid unless the party claiming its assistance can impeach the judgment by facts, or on the grounds of which he could not have availed himself at law, or was prevented from doing it by fraud or accident or the act of the opposite party, unmixed with negligence or fault on his own part. When a party has once an opportunity of being heard, and neglects to do so, he must abide the consequences of his own neglect. A court of equity cannot relieve him, though the judgment is manifestly wrong." In Melms v. Pabst Brewing Co., 93 Wis. 153, 66 N. W. 518, the court say: "In an action to set aside conveyances for fraud committed many years before the commencement of the action, the plaintiff must allege and prove the time when the fraud was discovered, and what the discovery was, so that the court may clearly see whether, by the exercise of ordinary diligence, the discovery might not have been made before." Where either mistake, fraud, or ignorance of the facts is relied upon, and delay is sought to be excused, the allegations of the complaint must be sufficient to show a court of equity that the plaintiff has not slumbered on his rights, and that the remedy is invoked within a reasonable time after a discovery was or ought to have been made. Pipe v. Smith, 5 Colo. 146; Farnam v. Brooks, 9 Pick. 212; Bank v. Bank, 122 Iowa, 737, 98 N. W. 606; Bank v. Campbell, 12 Ind. 42;

Casey v. Gregory, 56 Am. Dec. 581. The headnote, fully sustained by the opinion, in the case of Crim v. Handley, 94 U. S. 652, is as follows: "The court affirms the doctrine announced in Hendrickson v. Hinckley, 17 How, 443, that a court of equity will not enjoin a judgment at law unless the proof clearly shows that the defendant had a just defense, of which he could not avail himself at law, or to which, if available, he was prevented from resorting by fraud or unavoidable accident, unmixed with any fault or negligence in himself or his agent." When a person seeks to enjoin a judgment at law, the specific grounds upon which the complainant's equity rests must be distinctly set forth, and it is indispensable that the complaint show upon its face that the judgment assailed was not rendered by reason of his own negligence in not making the necessary defense. Neal v. Henderson, 72 Ga. 209; Brenner v. Alexander, 19 Pac. 9; Kelleher v. Boden, 55 Mich, 295, 21 N. W. 346; Mastick v. Thorp, 29 Cal. 445.

If, as alleged in the complaint and admitted by the demurrer, one of the warrants was valid, and the payee named in the other constructed a sidewalk, for which he was entitled to a warrant on a fund created by special assessment against city property, the failure to tender the just amount, or the warrant to which the defendant was confessedly entitled, violates the maxim that he who seeks equity must do equity.

The order of the trial court sustaining the demurrer is affirmed.