## BRYANT v. BANK OF CALIFORNIA.

### No. 7701; November 25, 1885.

#### 8 Pac. 644.

**Supplementary Proceedings — Law Authorizing Unconstitutional.**—The law purporting to authorize a judge, by order, to permit the judgment creditor to institute and maintain an action against the debtor of the judgment debtor (viz., Code of Civil Procedure, section 720), is unconstitutional and void, as no notice of such proceeding to the judgment debtor is provided for.[1]

---

[1] **Cited** and disapproved in High v. Bank of Commerce, 95 Cal. 387, 29 Am. St. Rep. 121, 30 Pac. 556, where it is held that the jurisdiction acquired in the action in which judgment is recovered survives until the satisfaction of the judgment.

Cited in Ackerman v. Green, 201 Mo. 244, 100 S. W. 34, where it is approved so far as a third party is concerned, one upon whom service had not been made in the original action.

Cited in Ackerman v. Green, 201 Mo. 241, 100 S. W. 33, where the rule is held not to apply to the case of an order upon the judgment debtor to disclose the hiding place of property, known to exist, which is susceptible of being levied upon.

APPEAL from Superior Court, City and County of San Francisco.

Wilson & Wilson for appellant; L. E. Bulkeley for respondent.

MYRICK, J.—The plaintiff herein, Bryant, had judgment against one Quimbie; and such proceedings were had, under sections 714–720, Code of Civil Procedure, that the judge of the court in which the judgment had been rendered signed an order authorizing the plaintiff to institute an action against the defendant herein, as a debtor to Quimbie. That order was not filed by the clerk of the court, nor any entry made. On the trial of this case in the court below, the order, as well as all the proceedings subsequent to the execution, were produced by the attorney for the plaintiff from his own custody. In pursuance of such order, this action was commenced. Inasmuch as no notice to the judgment debtor of the proceeding authorized by section 720 of the Code of Civil Procedure is provided for, we are of opinion that that section, which purports to authorize the judge, by order, to permit the judgment creditor to institute and maintain an action against the alleged debtor of the judgment debtor, is unconstitutional and void. This, not only for the protection of the rights of the judgment debtor, but also for the protection of those of his alleged debtor, who might otherwise be compelled to pay twice.

A cogent argument in favor of the correctness of this view is the following, which we present by way of illustration: A case is now in this court on appeal, in which case one Bulkeley, an assignee of Quimbie, sued the Bank of California (the defendant herein) to recover of it a sum of money, a portion of which sum is the identical money in controversy in this action; Bulkeley asserting his right to have judgment for the whole. If Bulkeley be entitled to recover, as assignee of Quimbie, and if the plaintiff here could recover, the result would be the defendant would have to pay the amount of plaintiff's demand twice. Judgment and order reversed and cause remanded.

I concur: Ross, J.

McKEE, J., Concurring.—For the reasons given in my opinion heretofore filed in this case (Bryant v. Bank of California, ante, p. 475, 7 Pac. 128) I concur in the judgment.

MORRISON, C. J., Concurring.—I concur in the judgment on the ground stated by McKee, J.