[No. 14642. Department Two. — July 23, 1892.]

JOHN E. HIGH, APPELLANT, v. THE BANK OF COMMERCE, ETC., RESPONDENT.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION — ORDER AUTHORIZING JUDGMENT CREDITOR TO SUE — CONSTITUTIONAL LAW. — Section 720 of the Code of Civil Procedure, providing that the judge may, by order, authorize a judgment creditor to institute and maintain an action against an alleged debtor of the judgment debtor, is not unconstitutional, on the alleged ground that the judgment debtor has under it no notice of the supplementary proceeding after judgment affecting his rights of property, or that his debtor may be compelled to pay the debt twice.

ID. — ACTION AGAINST GARNISHEE — PLEADING — JUDGMENT — ORDER AUTHORIZING SUIT. — Allegations in a complaint against a garnishee, in an action by a judgment creditor, authorized in proceedings supplementary to execution against the judgment debtor, that the assignor of the plaintiff "recovered a judgment" in the superior court, "which judgment was duly entered," etc., and that the order authorizing the suit was "duly made," are sufficient as against a general demurrer.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*D. L. Withington*, for Appellant.

*Luce & McDonald*, for Respondent.

FOOTE, C. — The plaintiff became the assignee of a judgment obtained by one Keturah White against N. A. Comstock and Carl Trotsche and W. E. High. He brought this action against the defendant here, as garnishee of Comstock and Trotsche, in proceedings supplemental to execution, under the provisions of the Code of Civil Procedure contained in sections 716 to 720, inclusive.

A demurrer to the complaint was filed by the defendant, to the effect that the pleading in question did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff declining to amend the complaint, judgment was rendered for the defendant, from which the plaintiff prosecutes this appeal.

The first contention of the respondent which we will notice is that in which he asserts that section 720 of the Code of Civil Procedure is unconstitutional. He bases this view of the matter upon a decision of the appellate court in *Bryant* v. *Bank of California,* 8 Pac. Rep. 644, where it is said by Mr. Justice Myrick: "Inasmuch as no notice to the judgment debtor of the proceeding authorized by section 720 of the Code of Civil Procedure is provided for, we are of opinion that that section which purports to authorize the judge, by order, to permit the judgment creditor to institute and maintain an action against the alleged debtor of the judgment debtor, is unconstitutional and void. This not only for the protection of the rights of the judgment debtor, but also for the protection of those of his alleged debtor, who might otherwise be compelled to pay twice."

It has been held in *Hexter* v. *Clifford,* 5 Col. 168, in reference to a statute similar to that of California, that no such notice is required; and this seems to be the view entertained in New York with reference to the qualification that notice may be given in the discretion of the judge. (4 Wait's Practice, 131.)

Jurisdiction having been once acquired over the judgment debtor in the original action, that action is still pending until the judgment is satisfied. Proceedings to compel the application of money or property in the hands of other parties to the satisfaction of the judgment are proceedings in that action. (4 Wait's Practice, *b,* p. 128.)

So far as the judgment debtor is concerned, he cannot complain; he is a party to the judgment, and is fully aware of the legal effect of it, viz., that what his debtors owe him can be applied, by proper proceedings in the action which is still pending, to the satisfaction of his judgment debts; and due process of law has been had to make him aware of that fact. If, then, anything is due from *his* debtor, *he* is not injured if it is so applied. If nothing is due him from such debtor, then the matter is of no concern to him.

The debtor of the judgment debtor is not to be permitted to say that he cannot protect himself against paying the debt twice, first to the creditor of the judgment debtor in this proceeding, and then to the judgment debtor who has no notice of the proceeding; the reason for this being that the debtor of the judgment debtor is not without a remedy to prevent this result in the proceeding itself, in that all he is required to do to accomplish that result is, that he suggest that his creditor, the judgment debtor, be made a party to the proceeding; and since he can protect himself, it is idle to say he may be compelled to pay his debt twice.

The statute in question must be held to contemplate this, and not that any such thing could be accomplished as that the debtor of a judgment debtor might, under its provisions, be made to pay a debt twice. We therefore see no force in the suggestion that the statute is unconstitutional, in that the judgment debtor has under it no notice of the supplementary proceeding after judgment affecting his rights of property. And the contention is equally without force that such has been the decision binding on the appellate court in *Bryant* v. *Bank of California*, 8 Pac. Rep. 644.

In *Collins* v. *Angell*, 72 Cal. 513, Mr. Justice McFarland, speaking for the court, virtually declares that no constitutional question was decided in the case first mentioned. And it appears from 7 Pac. Rep. 131, where the case on which the respondent relies was first determined in Department, and in 8 Pac. Rep. 644, where the same case was heard in Bank, that at the most only three of the judges took the view contended for by respondent.

But the respondent contends further that the complaint does not show that the judgment made the basis for this proceeding is valid. And that it is not shown by that pleading that a valid order was made authorizing the proceeding to be commenced.

The allegation in question relative to the judgment is: "That upon the second day of March, 1891, Keturah

White *recovered* a judgment in this superior court . . . . which judgment was duly entered," etc.

The respondent says that this is not a sufficient statement to show that the judgment " was duly given."

In *McCutcheon* v. *Weston,* 65 Cal. 39, it was held that an averment that a judgment was " recovered, entered, and docketed " was sufficient.

As this docketing is only to fix a lien of the judgment already entered in the judgment-book on the real property of the debtor (Code Civ. Proc., sec. 671), we do not think it essential to aver such docketing to show that the judgment was " duly given," if it is already averred that it was " recovered " and " entered."

As to the insufficiency of the averments with reference to the order authorizing suit, it seems that as against a general demurrer the allegation that it was " duly made" is sufficient, even if the specific facts set out are defective, which we do not decide. (*Dore* v. *Thornburgh,* 90 Cal. 66; *Bull* v. *Houghton,* 65 Cal. 422.)

We therefore conclude that the demurrer was improperly sustained, and that the judgment appealed from should be reversed, and so advise.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is reversed.

MCFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.