WRIGHT v. RAILROAD.

(Filed April 17, 1906).

*Garnishment—Payments in Another State—Jurisdiction—Judgments—Presumption of Regularity—Notice to Defendant.*

1. In an action by the plaintiff to recover for services rendered the defendant, payments made by the defendant under garnishment proceedings in another State constitute a good defense, where it appears that the defendant (plaintiff in this action) was personally served with summons in the principal suit, and the only irregularity alleged was in the failure of the garnishee to notify the defendant (plaintiff in this action) of the garnishment.

2. Where it appears that the court had jurisdiction of the subject matter and the parties, this court, in the absence of any countervailing evidence, must presume that the case proceeded regularly and according to the course and practice of the court of the State in which it was pending and that consequently all proper steps were taken to charge the garnishee.

3. Power over the person of the garnishee confers jurisdiction on the court of the State where the writ issued against him, without regard to the "*situs* of the debt," as the obligation to pay his debt clings to and accompanies him wherever he goes.

ACTION by J. L. Wright against Southern Railway Co., heard by *Judge G. W. Ward* and a jury, at the October Term, 1905, of the Superior Court of GUILFORD.

The plaintiff brought the action before a justice of the peace to recover $133.27 alleged to be due by the defendant as wages for services rendered. The defendant pleaded what is called the "general issue," that is, it denied the indebtedness. The justice gave judgment against the defendant and it appealed. In the Superior Court it further pleaded payment, set-off and counterclaim. The defendant did not at the trial deny that it was at one time indebted to the plaintiff in the said amount, but relied, in support of its general denial

and the added pleas, upon judgments in two suits, one in a justice's court of Knox County, Tenn., entitled *Brewing Co. v. Luther Wright & Co.,* of which firm plaintiff was a member, and proved that plaintiff in this action, who was a defendant in that one, was personally served with process, the court having jurisdiction of the action, and that judgment was therein rendered against him for $85.10, and thereupon a writ of garnishment was sued out and served on the defendant in this case, Southern Railway Company, after a return of *nulla bona* to the execution which had been issued on the judgment. Defendant appeared in obedience to the process issued against it, and answered by admitting an indebtedness to the plaintiff of $136.29, and alleged that of this sum $52.93 was subject to a prior garnishment issued in another suit against it. Judgment was duly entered against defendant, under the garnishment, for $83.99, which it afterwards paid. The other suit was brought by the plaintiff against the Knoxville Livery and Stock Co., in the Court of Chancery of the same county, in which the defendant filed a cross-bill, and upon the said cross-bill obtained judgment against the plaintiff for $37. Upon a return of *nulla bona* to the execution issued upon that judgment, process of garnishment was sued out against the defendant in this case, Southern Railway Company, and judgment, after appearance and answer, was duly entered against it for $48.25. The defendant railway company, as garnishee, paid on this judgment, $51.90, which was $3.65 more than should have been collected on the principal judgment or the garnishment. This excess was paid by the clerk of the court to the plaintiff, J. L. Wright, who was substantially the defendant in the judgment. So far as appeared in the court below, the proceedings in both suits were conducted regularly. The judge held that the payments thus made by the defendant did not constitute a good and valid defense or support the pleas of payment, set-off or counterclaim, except as to the sum of

WRIGHT *v.* RAILROAD.

$3.65 received by the plaintiff from the clerk of the Chancery Court, and so instructed the jury and directed them to answer the issue accordingly. There was a verdict in favor of the plaintiff for $133.27, being the amount claimed by him, and judgment thereon. Defendant excepted and appealed.

*Taylor & Scales* for the plaintiff.
*King & Kimball* for the defendant.

WALKER, J., after stating the case: The plaintiff contends that the payments made by the defendant under the garnishment proceedings cannot be set up to defeat his recovery in this action because he was not notified of the process of garnishment. It does not affirmatively appear whether he was or not, but for the sake of argument we will assume that he was not so notified. He was personally served with the summons in the principal action and (nothing else appearing) we think that was quite sufficient to bind him by the judgment in the garnishment, not that he is precluded by it from showing that the defendant did not owe him more than was adjudged to be due in that proceeding, but the latter is protected by the payment from answering again to the plaintiff for the same debt. It is not pretended that the statute of Tennessee requires that he should be notified. In the absence of any countervailing evidence, we must presume that the case proceeded regularly and according to the course and practice of the court of the State in which it was pending and that consequently all proper steps were taken to charge the garnishee. This is the well settled rule, where it appears that the court had jurisdiction of the subject matter and the parties. Rood on Garnishment, sec. 214; *Grier v. Rhyne,* 67 N. C., 338; *McLane v. Moore,* 51 N. C., 520. No question is made in this case as to the jurisdiction of either of the courts which rendered the two judg-

ments and there is no irregularity or other defect in the proceedings alleged except the failure to notify the defendant in them, who is plaintiff in this action, of the garnishment. This objection is not tenable. One reason for requiring such a notice is to enable the defendant to make his defense, if he has any, to the original action and thereby prevent his being called upon to pay the debt twice. This, we think, is a most just and reasonable rule, but in all cases where it has been applied, the defendant, not the garnishee, had been brought in by publication, by constructive and not by personal service, and the reason for the rule would perhaps confine it to such cases, unless there is some special defense to the garnishment or some right that could be asserted thereunder. The plaintiff's counsel rely on *Harris v. Balk*, 198 U. S., 215; and that is the only decision cited to us to sustain the point. The court does say in that case: "But most rights may be lost by negligence, and if the garnishee were guilty of negligence in the attachment proceeding, to the damage of Balk, he ought not to be permitted to set up the judgment as a defense. Thus it is recognized as the duty of the garnishee to give notice to his own creditor, if he would protect himself, so that the creditor may have the opportunity to defend himself against the claim of the person suing out the attachment. While the want of notification by the garnishee to his own creditor may have no effect upon the validity of the judgment against the garnishee (the proper publication being made by the plaintiff), we think it has and ought to have an effect upon the right of the garnishee to avail himself of the prior judgment and his payment thereunder." But it is further said: "This notification by the garnishee is for the purpose of making sure that his creditor shall have an opportunity to defend the claim made against him in the attachment suit." We see, therefore, that the principle, as there restricted by the reason given for it, does not apply when the original defendant has had legal notice of the suit by the per-

sonal service of process and a full opportunity to defend, as
he undoubtedly had in the present case. Indeed, the gar-
nishment was not issued until after the time for pleading or
answering had expired, and a judgment had actually been
entered, thereby cutting off all defenses and fixing the de-
fendant conclusively with liability for the debt. What good
then would notice have done? He could not have defended if
he had been notified, as by his own laches or his failure at
the proper time to appear and defend the suit, he had lost
his day in court. The defendant does not now deny his lia-
bility and he is in no danger whatever of being twice vexed
for the same debt, or in any jeopardy of having to make a
double payment upon it. The two judgments have been fully
satisfied of record, and the plaintiff has received the amount
paid in excess of what was due on the last of the two judg-
ments. His creditor has received all that is justly due to
him and no court in any jurisdiction would permit him to
proceed against the plaintiff again. In a case like this,
where the defendant has been personally served with process
in the principal suit, it would be next to impossible to charge
him twice on the same liability, as the judgment must first
be taken against him before a garnishment issues and then
the money that is collected under the garnishment is applied
to the satisfaction of that judgment. Under the statute of
Tennessee, a garnishment upon a judgment after a return of
*nulla bona* to the execution issued thereon, is closely analo-
gous to our supplementary proceedings under the provision of
sections 490-493 of The Code (Revisal, sec. 675, 678).
These sections of The Code and the Revisal do not require
notice to the defendant, though the court may, in its discre-
tion, order notice to be given. *Wilmington v. Sprunt,* 114
N. C., 310. It is said in Rood on Garnishment, sec. 280:
"If jurisdiction has never been acquired over the principal
defendant, so that a personal judgment can be rendered
against him, notice, either actual or constructive, must be

given him of any proceedings to reach his property, or by which his rights are to be determined, whether the suit be by garnishment or otherwise, for the reason that the rights of no person can be concluded by any proceeding till he has had his day in court. But, in all cases in which he has been personally served with process, or has appeared, so that jurisdiction is acquired by the court to render a personal judgment against him, no notice need be given him of any proceedings by garnishment, instituted in aid of such action, or to collect the judgment rendered therein, unless such notice is required by some provision of the statute under which the garnishment suit is conducted." However this may be, and we express no opinion in regard to it as being a general rule and applicable to all cases, there is nothing in this record to show that the plaintiff has been prejudiced by the failure of the defendant, as garnishee in the other cases, to notify him of the garnishments, if it had appeared that such notice had not been given. He has not been deprived of any defense nor of any right, so far as we are informed, which he could have saved if he had received the notice. The case, therefore, is resolved into the simple fact, that the debt due by the defendant to the plaintiff has been applied to the payment of a just obligation against him in the State of Tennessee, in suits to which he was made a party by the personal service of process. It would be requiring an innocent party to pay a debt twice if we should now hold the payment to be unavailing, especially in the absence of any sound legal reason for it and of any evidence showing that the plaintiff had a meritorious defense to the garnishment. It would, too, be unjust so to hold.

As to the other question. It has been recently held by the Supreme Court of the United States, reversing *Balk v. Harris,* 130 N. C., 381, that attachment is the creation of local law, and if there be a law of the State providing for the attachment of the debt due to the defendant in the principal suit, then if the garnishee be found in that State, and pro-

cess be personally served upon him therein, the court thereby acquires jurisdiction over him and can garnish the debt due from him to the defendant as debtor of the plaintiff and condemn it; provided the garnishee could himself be sued in that State. Power over the person of the garnishee confers jurisdiction on the court of the State where the writ issues against him, without regard to the "*situs* of the debt," as the obligation to pay his debt clings to and accompanies him wherever he goes. The court then concludes that a judgment rendered against a garnishee under such circumstances, which is afterwards paid by the garnishee, must ( by virtue of the clause in the Federal Constitution requiring that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State, Art. IV, sec. 1,) be recognized as a payment of the original debt by the courts of any other State where it is properly pleaded by the garnishee in an action against him by the defendant to whom he originally owed the debt. *Harris v. Balk*, 198 U. S., 215. *Railroad v. Dean* (decided at the present term of the same court and following *Harris v. Balk*) is like our case, except in one particular. In that case, there was no personal service on the defendant in the principal suit, but only constructive service by publication, while here he was personally served. Those decisions having been made by the court having jurisdiction to finally construe and apply the clause of the Federal Constitution to which reference has been made and to review the decisions of this court in respect thereto, we must abide by what is there decided, and certainly to the extent that the cases are binding upon us as authorities. See also *Railroad v. Sturm*, 174 U. S., 710; *Goodwin v. Claytor*, 137 N. C., 224; *Ins. Co. v. Chambers*, 53 N. J. Eq., 468; *Cahoon v. Morgan*, 38 Vt., 234. This disposes of the only two questions presented in the case as shown by the briefs of counsel, the one as to the right to garnish the debt

due by defendant to the plaintiff in Tennessee, and the other as to plaintiff's right to notice of the garnishment.

There was error in the ruling of the court, for which a new trial is ordered.

New Trial.