CITIZENS STATE BANK OF SELFRIDGE, Appellant, v. OLAF SMELAND, Respondent.

(184 N. W. 987.)

**Garnishment — statute requiring publication of summons against defendant within 60 days held applicable in garnishment proceedings.**

1. Where a garnishee summons was served upon a garnishee alone on Jan. 8th, 1918, a disclosure by the garnishee made on Jan. 12th, 1918,

and the summons and complaint filed in the District Court on Jan. 18th, 1918, and where, about two and one half years later, an affidavit for publication of the summons was filed upon the ground that the defendant was and had been a non resident, publication thereof had, and judgment, subsequently upon default, rendered against the garnishee, it is *held* that the provisions of § 7383 C. L. 1913 requiring the publication of a summons within sixty days applies and the judgment is void.

**Appeal and error — direct action to vacate void judgment upheld where not objected to below.**

2. A direct action to vacate such void judgment, (when entertained by the trial court without objection), instead of a motion or other proceeding therefor, may be upheld.

Opinion filed Nov. 8, 1921.

Action to vacate a judgment in Morton County, *Berry*, J.

Plaintiff has appealed from an order sustaining a demurrer.

Reversed.

*Norton* and *Kelsch*, for appellant.

The right to proceed by garnishment is purely a statutory right and the statute must be substantially complied with to confer and preserve the jurisdiction of the Court in such proceedings. McPhee v. Nidda, 111 Pac. 1149 (Wash.).

"A summons is issued when it is duly drawn and signed with the intention that it be served." § 7383 Compiled Laws 1913; Smith v. Nicholson, 5 N. D. 426; § 7438 Compiled Laws 1913; Atwood v. Tucker, 26 N. Dak. 637.

"The statutory remedy by motion, is, however, not the only mode of assailing a judgment. In cases not embraced within the statute, resort may be had to a Court of Equity." Freeman v. Wood 11 N. D. 8; Yorke v. Yorke, 3 N. D. 343; Campbell v. Warren et al. 19 N. D. 645.

*Jacobsen* & *Murray*, for respondent.

Garnishment is purely a statutory remedy, and is separate and distinct from the remedy of attachment, and not any of the attachment statutes are applicable. Park, Grant & Norris v. Nordale, (N. D.) 170 N. W. 555.

The rule is laid down in attachment cases that the only reason why the

summons must be served within specified time is that it is so required by statute. Doheny v. Worden, 75 App. Div. 47; 77 N. Y. Supp. 959; Fisher v. Nash, 47 App. Div. 234; 62 N. Y. Supp. 646; Stowe v. Stacey, 14 New York, C. L. V. Proc. 45.

In the absence of Statute, the writ of attachment is valid although service by publication was undertaken two years after the issuance of the writ. Robinson v. Marr, 145 Ill. App. 178; McClung v. Sieg, 54 W. Va. 467; 46 S. E. 210; Wester v. Long, 63 Kansas, 876; 66 Pac. 1032.

BRONSON, J. This is an action to vacate a judgment against the plaintiff as garnishee. An appeal has been taken from an order sustaining a demurrer to the complaint. Among other things, the complaint sets forth the following allegations: On January 3, 1918, the defendant prepared a summons and complaint in an action against one Flynn, also a garnishment summons and affidavit therein, naming the plaintiff herein as garnishee. On January 8, 1918, the garnishment summons and affidavit were served upon the garnishee. On January 12, 1918, the garnishee disclosed the possession of a note for about $340, owned by Flynn. On January 18, 1918, the summons and complaint were filed in the district court. More than two years later, on June 28, 1920, there was filed in the district court an affidavit for publication of the summons, stating that the defendant Flynn was not a resident of the state and that the place of his residence was unknown. On November 20, 1920, there were filed, by the attorneys for Smeland, affidavits of default, stating that the summons was published for six weeks from July 1, 1920, to August 5, 1920, and that no answer or demurrer had been served upon them, although the statutory time therefor had expired. Pursuant to findings of the trial court, judgment for $310.15 and costs in favor of Smeland and against Flynn was entered on November 20, 1920. Likewise pursuant to the order of the trial court, judgment for $240.44 and interest in favor of Smeland and against the plaintiff herein, as garnishee, was entered on December 27, 1920. The complaint also alleges that the defendant did not make publication of the summons within 60 days, as required by statute; that the plaintiff, several months after its disclosure, believing that the action of Smeland had been discontinued, paid to others the property of Flynn in its possession; that the judgment against the garnishee is void; that its remedy by motion is not now available, § 7483, C. L. 1913; and that it possesses no other plain, speedy, or adequate remedy at law. The trial court, in sustaining the demurrer, held that the

complaint did not state a cause of action; that there is no statutory limitation, in garnishment proceedings, upon the time when an affidavit for publication must be filed; that it was not necessary for Smeland to proceed with publication of the summons against Flynn within 60 days after the service upon the garnishee.

We are of the opinion that the trial court erred. The jurisdiction of the trial court in the action against Flynn and in the garnishment proceeding were mutually dependent upon appropriate proceedings in each action. The garnishment proceedings, although deemed an action, § 7581, C. L. 1913, were nevertheless dependent upon jurisdiction in the main action. If no jurisdiction would be secured against the defendant, no jurisdiction would remain in the garnishment proceedings upon which a judgment might be rendered against the garnishee. To permit the garnishment process to be served and the jurisdiction of the trial court to obtain over the "res," it was necessary that a summons in the main action simultaneously issue. § 7568, C. L. 1913. The court might acquire a jurisdiction either by the service of the summons or the service of the garnishee summons. § 7583, C. L. 1913. Upon this service of the garnishee summons herein the court acquired a jurisdiction. The garnishment proceedings thereupon were deemed an action by Smeland against the plaintiff, as garnishee, and Flynn, as the defendant. § 7581, C. L. 1913. The garnishment action was then an action pending. The court then possessed jurisdiction to proceed by publication of the summons in the main action. The main action and the garnishment action were then mutually dependent upon the other for the retention of jurisdiction.

Jurisdiction, if it existed at all, was necessarily predicated upon the nonresidence of the defendant. Otherwise, the garnishment proceedings would be void because no service was made upon the defendant. § 7571, C. L. 1913.

Section 7383, C. L. 1913, provides that an action is commenced by the service of a summons; that an attempt to commence an action is deemed equivalent to the commencement thereof, when the summons is delivered with the intent that it shall be actually served to the sheriff or other officer of the county in which the defendant resides, etc.; that such an attempt must be followed by the first publication of the summons or the service thereof within 60 days.

The contention of the respondent that this section only concerns the statute of limitations, as stated in the subsequent sections, must be

denied. The section is a general provision in the Code of Civil Procedure. Thus it has been during and since territorial days. § 62, Code Civ. Proc. 1877. The policy of the law expressed throughout the Code of Civil Procedure is for the expedition of litigation. §§ 7423, 7425, 7432, 7539, C. L. 1913. It must be presumed that when the garnishee made its disclosure, and Smeland thereafter filed his summons and complaint, there was an intent to hold jurisdiction and to deliver the summons and complaint for purpose of securing service upon the defendant as a nonresident. Otherwise there existed no jurisdiction. Such delivery and filing, together with the jurisdiction acquired over the garnishee, brought the proceedings, in our opinion, within the purview and policy of the statute, and required a publication within the time prescribed. Such publication was not made, and the judgment accordingly is void. See Atwood v. Tucker, 26 N. D. 622, 631, 145 N. W. 587, 51 L. R. A. (N. S.) 597; Rhode Island v. Keeney, 1 N. D. 411, 45 N. W. 341.

Respondent contends that plaintiff's remedy was by motion and not by action, unless satisfactory reasons are alleged for not proceeding by motion. This is an action to vacate a void judgment. The proper practice undoubtedly was to seek the exercise of the inherent powers of the court by motion, or to appeal from the judgment. Gaar, Scott & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867. Such proceedings would be more expeditious. § 7483, C. L. 1913, does not apply. Martinson v. Marzolf, 14 N. D. 301, 309, 103 N. W. 937. However, an action to vacate a void judgment may be entertained. 23 Cyc. 946; Freeman v. Wood, 11 N. D. 1, 8, 88 N. W. 721. The trial court did entertain this action without objection. We are not disposed to disturb the action of the trial court because of the existence of other more appropriate methods of procedure.

The order is reversed, with costs.

ROBINSON, J., concurs.

GRACE, C. J., concurs in the result.

BIRDZELL, J. In my opinion the proceeding should have been by motion, but as the whole matter was before the lower court, and it apparently considered the merits as fully as if a motion had in fact been made. I am of the opinion that this court should consider the merits. I agree with the principal opinion.

CHRISTIANSON, J. (concurring in part and dissenting in part). This is an equitable action to vacate and annul a certain judgment. There was a general demurrer to the complaint. The trial court sustained the demurrer, and the plaintiff has appealed. The question presented to the trial court, and also presented to this court, is whether the complaint did or did not state a cause of action. I am inclined to the view that the complaint did not state a cause of action, and that the trial court was correct in so ruling. There is no question but that the relief which plaintiff seeks to obtain in this action might have been obtained by a motion to vacate the judgment made in the action in which the judgment was entered. For it is well settled that the remedy by motion applies not only in cases which fall within the provisions of § 7483, C. L. 1913, authorizing the vacation of the judgment taken against a party through his mistake, inadvertence, surprise, or excusable neglect, but is equally applicable, and exists wholly independent of the statute, in cases where judgments have been rendered without jurisdiction or obtained through fraud upon the injured party and the court. Yorke v. Yorke, 3 N. D. 343, 353, 55 N. W. 1095; Williams v. Fairmount School District, 21 N. D. 198, 204, 129 N. W. 1027. Inasmuch as it clearly and indisputably appears that a remedy by motion was and is both available and adequate, it seems to me that the complaint wholly fails to set forth a cause of action for the vacation and annulment of the judgment. See Freeman v. Wood, 14 N. D. 95, 105, 103 N. W. 392; Freeman on Judgments (4 ed.) § 497; 15 R. C. L. p. 748.

Inasmuch as my associates are of the opinion that an action will lie under the facts set forth in the complaint in this case, even though the remedy by motion is available, and hence have found it necessary to also discuss and decide questions relative to the validity of the judgment, I deem it proper to say that I agree with what is said by Mr. Justice Bronson in that portion of his opinion covered by ¶ 1 of the syllabus. In other words, I am entirely agreed that if the facts set forth in the plaintiff's complaint in this case were presented in support of and established upon a motion to vacate the judgment in the original action, it would be the duty of the trial court to set aside, vacate, and annul the judgment.