SMITH, et al., Appellants, v. WELLS, (HUBBARD, Garnishee,) Respondent.

(18 N. W.2d 308.)

(File No. 8717. Opinion filed April 23, 1945.)

Rehearing Denied May 22, 1945.

**R. A. Smiley,** of Belle Fourche, for Appellant.

**Burton Penfold,** of Belle Fourche, for Respondent.

SICKEL, J. Plaintiff commenced this action against the defendant to recover a money judgment. The summons in the action was served on the defendant personally within this state, and judgment was entered by default. The plaintiff then commenced this proceeding in garnishment on the judgment. The garnishee summons and affidavit were served upon the garnishee defendant in Butte County, South Dakota, on December 28, 1943. They were served upon the judgment debtor on January 11, 1944, in the state of Oregon. The defendant applied for, and on February 7, 1944, obtained, an order of the circuit court dismissing the garnishment proceeding on the ground that the summons and affidavit in garnishment were not served on the defendant in the action within ten days after service thereof on the garnishee de-- fendant. From this order the plaintiff in the garnishment proceeding has appealed.

Appellant contends that it was not necessary to serve the principal defendant within ten days after service on the garnishee defendant when personal service cannot be had on him within this state. Respondent contends that the ten day limitation applies to service of the garnishment papers on the principal defendant without the state as well as within the state. The question is one of statutory construction.

SDC 37.2805, so far as it is applicable to garnishment on a judgment, provides: "The garnishee summons and affidavit shall be served on each of the several garnishees named, in the manner provided for service of a summons in an action, * * * and, except when service of the summons in the action is made without the state or by publication, also on the defendant to the action in like manner, either before or within ten days after service on a garnishee. * * * Unless the garnishee summons is so served on the defendant or his attorney in accordance with the provisions of this section, the service on the garnishee shall become void and of no effect from the beginning."

By the provisions of the foregoing section, the garnishee summons and affidavit must be served on the principal defendant in the manner provided for service of a summons in an action. If the principal defendant resides within the state, he must be served personally therein, and must be so

served within ten days after service on the garnishee. If the principal defendant is a resident of another state, he may be served by publication of the garnishment process in the manner authorized by general statute. The only exception to this requirement of the statute is the clause, "except when service of the summons in the action is made without the state or by publication." The summons in this action was served on the defendant personally in this state, not without the state or by publication, and therefore the exception noted above has no application to this case.

SDC 33.0812 provides that the summons in an action may be served by publication when the person on whom the service is to be made cannot be found within the state, and when he is a proper party to an action relating to real or personal property in the state. Here the defendant was a proper party to the garnishment action. He was not a resident of the state. The garnishment proceeding was one relating to personal property within this state. The court acquired jurisdiction of the action and of the res by personal service of garnishment process on the garnishee defendant within this state. Therefore, service on the principal defendant by publication was authorized in this case. Citizens State Bank v. Smeland, 48 N. D. 466, 184 N. W. 987.

SDC 33.0814 provides: "In any of the cases where service of summons, * * * by publication is authorized in lieu thereof the same may * * * be personally served upon any defendant in person without the state * * *."

Personal service on the principal defendant outside the state, as a substitute for service by publication, was authorized by the above section. Whether the service was made upon him within the ten day limitation contained in SDC 37.2805 depends upon the interpretation of SDC 33.0202 which states: "An action is commenced as to each defendant when the summons is served on him, * * *. An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided * * *. Such an attempt

must be followed by the first publication of the summons, or the service thereof, within sixty days."

This is a statute which fixes the time of the commencement of actions, and is of general application. Taylor v. McCarty, 68 S. D. 510, 4 N. W.2d 816; Tabour Realty Co. v. Nelson, 56 S. D. 405, 228 N. W. 807; Citizens State Bank v. Smeland, supra.

Here the summons and affidavit in garnishment were delivered for service to the sheriff of the county in which the garnishee defendant resided, and in which the principal defendant usually or last resided until he left the state. The sheriff served the garnishee defendant on December 28th, 1943, but was unable to serve the principal defendant because of his absence. Then the papers were sent to the state of Oregon where they were served on the prinicpal defendant on January 11th, 1944. The service of garnishment process on the principal defendant was thereby completed within sixty days from the date of the delivery of such process to the sheriff of Butte County. Since the service of process was so completed, the time of the commencement of the action, according to the provisions of SDC 33.0202, was December 28, 1943, the date on which the process was delivered to the sheriff of Butte county for service.

Order reversed.

RUDOLPH, J., concurs.

SMITH, P. J., and ROBERTS, J., concurring specially.

POLLEY, J., dissents.

ROBERTS, Judge (concurring specially).

I concur in reversal of the order on the ground that the garnishment statute did not require service of the garnishee summons and affidavit upon the principal defendant who is a nonresident and hence the ten day provision has no application.

Garnishment is an ancillary proceeding and if jurisdiction of the defendant is obtained in the main action the several steps in the garnishment proceeding are not jurisdictional as to him. 38 C. J. S., Garnishment, § 162; Rood on Garnishment, § 280; First Nat. Bank v. Knight, 127 Okl.

20, 259 P. 565; Wright v. Southern R. Co., 141 N. C. 164, 53 · S. E. 831; Zimek v. Illinois Nat. Casualty Co., 370 Ill. 572, 19 N. E. 2d 620; Chapman v. Foshay, 184 Minn. 318; 238 N. W. 637; Endicott-Johnson Corp. v. Encyclopedia Press, Inc., 266 U. S. 285, 45 S. Ct. 61, 62, 69 L. Ed. 288. The United States Supreme Court in the case last cited said:

"The established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. Thus, in the absence of a statutory requirement, it is not essential that he be given notice before the issuance of an execution against his tangible property; after the rendition of the judgment he must take 'notice of what will follow,' no further notice being 'necessary to advance justice.' Ayres v. Campbell, 9 Iowa, 213, 216, 74 Am. Dec. 346; Reid v. [Northwestern] Railway Co., 32 Pa. 257, 258; Foster v. Young, 172 Cal. 317, 322, 156 P. 476; McAnaw v. Matthis, 129 Mo. 142, 152, 31 S. W. 344.

"There is no more reason why the judgment debtor should be entitled to notice before the issue of an execution provided by statute as supplemental process to impound, in satisfaction of the judgment, choses in action due to him which cannot be reached by an ordinary execution. No established rule of our system of jurisprudence requires that such notice be given. On the contrary, it has been frequently held in the state courts that in the absence of a statutory requirement, it is not essential that the judgment debtor be given notice and an opportunity to be heard before the issuance of such garnishment. High v. Bank of Commerce, supra, [95 Cal. 386] p. 387 (30 P. 556), [28 Am. St. Rep. 121]; Coffee v. Haynes, 124 Cal. 561, 565, 57 P. 482, 71 Am. St. Rep. 99; Ketcham v. Kent [Circuit Judge], 115 Mich. 60, 63, 72 N. W. 1110; Hexter v. Clifford, 5 Colo. 168, 173; Kesler v. St. John, 22 Iowa 565, 566; Phillips v. Germon, 43 Iowa 101, 102; Smith v. Dickson, 58 Iowa 444, 445, 10 N. W. 850; Pistchal v. Durant, 168 App. Div. 100,102, 153 N. Y. S. 735. And see Daigle v. Bird, 22 La. Ann. 138, 139;

Chanute v. Martin, 25 Ill. 63, 65; Cross v. Brown, 19 R. I. 220, 33 A. 147; Winner v. Hoyt, 68 Wis. 278, 286, 32 N. W. 128. In High v. Bank of Commerce, supra, in which the constitutionality of a garnishment statute was challenged because it did not require notice to the judgment debtor before issuance of the writ, the court said: 'So far as the judgment debtor is concerned, he cannot complain; he is a party to the judgment, and is fully aware of the legal effect of it, viz., that what his debtors owe him can be applied, by proper proceedings in the action which is still pending, to the satisfaction of his judgment debts; and due process of law has been had to make him aware of that fact. If, then, anything is due from his debtor, he is not injured if it is so applied. If nothing is due him from such debtor, then the matter is of no concern to him."

SDC 37.2805 provides that the garnishee summons shall be served on the garnishee "and, except when service of the summons in the action is made without the state or by publication, also on the defendant to the action" and provides that "when the defendant shall have appeared in the action by attorney, such service may be made upon such attorney or upon the defendant." Unless defendant or his attorney is served "either before or within ten days after service on a garnishee", the service on the garnishee becomes "void and of no effect from the beginning."

Service on the principal defendant is not a prerequisite of jurisdiction. The statute recognizes this. It provides that service may be made upon the attorney representing the defendant. The appearance in the action by attorney cannot be regarded as an appearance in the garnishment proceedings and hence a distinct jurisdiction over the principal defendant in such proceeding is not intended. Service upon the garnishee is the jurisdictional act, and service of the garnishee summons and affidavit upon the defendant in the action is merely notice to him of a proceeding in rem. The failure to give such notice when required operates under the express terms of the above section to terminate jurisdiction over the property sought to be impounded.

Notice to the principal defendant of the garnishment proceedings is not required in all instances. On the contrary,

section 37.2805, supra, provides that service of the garnishee summons and affidavit need not be made on the defendant to the action "when service of the summons in the action is made without the state or by publication"; that is to say, in an action against a nonresident defendant served in a manner prescribed by statute, notice of the garnishment proceedings need not be given. The garnishment statute of the state of Wisconsin is the source of our own and section 37.2805, supra, is in form identical with the corresponding section of that state, except that the service on the garnishee becomes void "unless the garnishee summons be so served upon the defendant or his attorney, or the proof of service * * * show that, after due diligence, such service cannot be made within the state." St. Wis. 1933, § 267.06. The statute in this state omits the provision concerning proof of service. The supreme court of that state in an early case, Winner v. Hoyt, 68 Wis. 278, 32 N. W. 128, 130, observed that the statute "does not contemplate any service of garnishment being made upon the principal defendant debtor without the state, or by publication." A defect in the proof of service operates in that state to deprive the court of jurisdiction. Smith, Thorndike & Brown Co. v. Mutual Fire Ins. Co., 110 Wis. 602, 86 N. W. 241. To avoid such effect, the provision was perhaps omitted. It seems quite clear that no other change in the effect of the section was intended.

It appears from the record that the principal defendant in the interim between the service of the summons in this action and the commencement of garnishment in aid of execution has ceased to be a resident of this state. It is not the meaning of the statute that because he was a resident of this state at the time of the commencement of the principal action he must now be served with notice of the garnishment proceedings. This is out of harmony with purpose and intent of the statute. The statute, in my judgment, intends the distinction with respect to necessity of service to be drawn between residents and non-residents and not between personal and substituted or constructive service in the main action.

SMITH, P. J., concurs in this opinion.