Dale L. MORMAN, Special Administrator of Sophia Ferdig, deceased, Plaintiff,

v.

STANDARD OIL COMPANY, DIVISION OF AMERICAN OIL COMPANY, Defendant.

Civ. No. 64–55W.

United States District Court
D. South Dakota, W. D.
Feb. 21, 1967.

———◆———

Milek & Brown, by E. G. Brown, Sturgis, S. D., for plaintiff.

Costello, Porter, Hill, Banks & Nelson, Rapid City, S. D., for defendant.

## DECISION AND ORDER

BECK, District Judge.

These are two diversity suits, stemming from the same accident, predicated on different theories and for that reason, in the complaint as amended, presented as eight separate causes of action, but all actually in two main groups, one grounded on pain and suffering of Sophia Ferdig following an explosion which caused her death, the other statutory damages for such death. Damages sought in the first are for $1,000,000 and in the other $30,000.

Both are now before the court on motions to dismiss, one challenging the claim for personal injuries on the ground that the action was not commenced within the three year statutory limitation period, SDC 33.0232(5) (c)[1] and the other with a like time bar asserted under the provisions of SDC 37.2203, as amended.[2]

The following summary is sufficiently specific and broad enough to allow final rulings[2a] on each of those motions: (1) a sale by the defendant through its agent of a distillate fuel oil with a flash point, inherently dangerous; (2) an explosion as it was used by the victim on May 26, 1961; (3) instantaneous injuries resulting in complete loss of capacity, mental as well as physical which continued until the time of her death on May 28, two days later; (4) appointment of a special administrator of her estate on October 6, 1961; (5) filing of the complaint with the clerk of this court on May 27, 1964; (6) that officer's issuance of the summons and delivery of it and two copies of the complaint to the United States Marshal on the same date for service by mail on the Secretary of State of South Dakota; (7) such mailing made that day with the required $2 included and (8) her written admission of service, in due course, on June 3, 1964.

Statutes of limitation, in diversity cases, when invoked, as for instance in the wrongful death part of this one, are tolled, at the moment the summons and the complaint after filing by the clerk are delivered to the United States Marshal, for service, providing they are thereafter served within the time period allowed under the laws of the state where such actions are brought. Ragan v. Merchants Transfer & Warehouse Co., 337

---

1. "Limitations of time of commencement of actions other than for recovery of real property: general provisions; general exception. Except where, in special cases, a different limitation is prescribed by statute, civil actions other than for the recovery of real property can be commenced only within the following specified periods of time after the cause of action shall have accrued:
(5) Within three years:
   (a) * * *

(b) * * *
   (c) An action for personal injury."

2. " * * * Every such action" for wrongful death "shall be commenced within three years after the death of such deceased person."

2a. On the pain and suffering before death part of the case, but only to the extent as hereinafter specified.

U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; Burkhardt v. Bates, 191 F.Supp. 149 (Iowa 1961); Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8; Groninger v. Davison, 364 F.2d 638 (8 Cir. 1966); SDC supra, SDC 33.0202[3]; Smith v. Wells, 70 S.D. 435, 18 N.W.2d 308 (1945); Rules 3[4], 4(c)[5], and (d) and (1), Fed.R.Civ.P., as amended; and Black's Law Dictionary, 4th Ed., page 1658.

■ Hanna, on the basis of its facts, rules evolved and results reached, compels such a conclusion. Service of process there as here was by the Marshal in accordance with the federal rules of civil procedure. The challenge in Hanna, went not to failure to observe those rules, but to the omission to follow those prescribed by the state. Had they been, it was urged, and on this point there is no dispute, the plaintiff, eventually, could have won or lost. Being rejected in those contentions she did not have that choice. This, she said, violated Ragan. The court, as it referred to that case and others, held otherwise. By that act it held commencement of diversity actions and in conjunction therewith service of process, exclusively for the federal courts under its prescribed rules of procedure and the *on how it is to be done,* not affected by the procedural within a state, even when the course and outcome thereby could or would be altered or changed. Cases and authorities, supra.

■ ■ Certain comments in Hanna, 380 U.S. pages 472–474, 85 S.Ct. page 1145, touching on the outcome determinative, not being a factor, origin of federal rules of civil procedure and their effect in a case of this kind, are in order at this point:

" 'One of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts by getting away from local rules. This is especially true of matters which relate to the administration of legal proceedings, an area in which federal courts have traditionally exerted strong inherent power, completely aside from the powers Congress expressly conferred in the Rules. The purpose of the Erie doctrine, even as extended in York, and Ragan, was never to bottle up federal courts with "outcome-determinative" and "integral-relations" stoppers—when there are "affirmative countervailing [federal] considerations" and when there is a Congressional mandate (the Rules) supported by constitutional authority.' Lumbermen's Mutual Casualty Co. v. Wright, 322 F.2d 759, 764 (C.A.5th Cir. 1963.)

"Erie and its offspring cast no doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from

---

3. "When action is deemed commenced: attempt to commence action; effect. An action is commenced as to each defendant when the summons is served on him, or on a co-defendant who is a joint contractor or otherwise united in interest with him.

An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business.

*Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.*" (Emphasis supplied)

4. "A civil action is commenced by filing a complaint with the court."

5. "By Whom Served. Service of all process shall be made by a United States marshal, by his deputy or by some person specially appointed by the court for that purpose, * * *. Special appointments to serve process shall be made freely when substantial savings in travel fees will result.", and service under (d) (1) can be made "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

comparable state rules. Cf. Herron v. Southern Pacific Co., 283 U.S. 91 [51 S.Ct. 383, 75 L.Ed. 857], 'When, because the plaintiff happens to be a non-resident, such a right is enforceable in a federal as well as in a State court, the forms and mode of enforcing the right may at times, naturally enough, vary because the two judicial systems are not identic.' Guaranty Trust Co. [of New York] v. York, supra, [326 U.S.] at 108 [65 S.Ct. at 1469]; Cohen v. Beneficial [Indus.] Loan Corp., 337 U.S. 541, 555 [69 S.Ct. 1221, 1229, 93 L.Ed. 1528]. Thus, though a court, in measuring a Federal Rule against the standards contained in the Enabling Act and the Constitution, need not wholly blind itself to the degree to which the Rule makes the character and result of the federal litigation stray from the course it would follow in state courts, Sibbach v. Wilson & Co., supra, [312 U.S. 1] at 13–14 [61 S.Ct. 422, 85 L.Ed. 479], it cannot be forgotten that the Erie rule, and the guidelines suggested in York, were created to serve another purpose altogether. To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act. Rule 4(d) (1) is valid and controls the instant case."

Left is the legal effect of the "attempt to commence an action * * *" part of the statute, SDC 33.0202, supra, under Ragan and within Hanna, being controlling on when the case is commenced.

The answer is in the language that an "attempt to commence * * * is deemed equivalent to commencement * * *" and in the upheld as in Hanna of the filing of the summons and the complaint with the clerk, his delivery of both the same day to the Marshal, followed by due course procedure ending in acceptance of service by the Secretary of State on June 3, furnishing "the attempt" factor which under the statute is a part of the extra granted sixty days.

■■ The defendant's other motion to dismiss may not at this time be entertained, United States v. Farmers Mut. Ins. Ass'n of Kiron, Iowa, 288 F.2d 560 (8 Cir. 1961):

"A motion to dismiss a complaint should not be granted unless 'it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.' Thomason v. Hospital T. V. Rentals, Inc., 8 Cir., 272 F.2d 263, 264; Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80; Lada v. Wilkie, 8 Cir., 250 F.2d 211."

Tolling of the statute of limitations on this motion, as on the other, is also crucial and it may not be resolved without previous proof that the explosion caused mental injuries—insanity before the explosion having been abandoned—amounting to insanity within SDC 33.0205, 1960 Supp. See 54 C.J.S. Limitations of Actions § 242, pp. 268–270; Roelefsen v. City of Pella, 121 Iowa 153, 96 N.W. 738 (1903); Nebola v. Minnesota Iron Co., 102 Minn. 89, 112 N.W. 880 (1907); Valisano v. Chicago & N. W. Ry. Co., 247 Mich. 301, 225 N.W. 607 (1929); Munzer v. Swedish American Line, 30 F.Supp. 789 (N.Y.1939); Taylor v. Houston, 93 U.S.App.D.C. 391, 211 F.2d 427, 41 A.L.R.2d 724 (1954); and Emery v. Chesapeake & Ohio R. R. Co., 372 Mich. 663, 127 N.W.2d 826 (1964).

Both motions accordingly are denied with leave as to the last one discussed to submit further proof either before or at the trial. It is so ordered.